Crabtree v. Messersmith.

## CRABTREE v. MESSERSMITH.

1. **New trial:** CONFLICT OF EVIDENCE. When there is a conflict of evidence in a case, and the verdict is not palpably against the weight of evidence, an appellate court will not interfere.

2. **Contract:** DEBT PAYABLE IN PROPERTY. When a debt is payable in personal property, and the debtor fails to deliver the property at the particular time specified in the contract, it becomes a money claim, and the creditor may sue on the same without demanding the property. (*Games* v. *Manning*, 2 G. Greene, 259.

3. —— RENUNCIATION OF. If, before the time of performing arrives, the promisor expressly renounces the contract or disables himself from the performance of the same, he may be sued as for a breach thereof before the day of performance arrives.

| 19 | 179 |
| 124 | 740 |
| 19 | 179 |
| 129 | 189 |
| 130 | 281 |
| 19 | 179 |
| 131 | 57 |
| 19 | 179 |
| 143 | 529 |

*Appeal from Polk District Court.*

WEDNESDAY, JUNE 28.

THIS suit was originally brought before a justice of the peace to recover the sum of one hundred and twenty-five dollars, as the contract price for a second-hand threshing machine. The written consent of the parties was filed with the justice, extending his jurisdiction to the amount involved in this case. (Revision, § 3880.)

There is no controversy between the parties as to the fact of the sale or the price agreed to be paid. The defendant claims that the contract of purchase was upon condition that the machine would do good work; that the plaintiffs agreed to set up and start the machine, which they failed to do, although notified and requested to; that it did not do good work, and, after trying it, the plaintiffs agreed to take it back, and it was accordingly hauled back to the house of one of the plaintiffs, and left there by direction of another.

The cause was tried by a jury before the justice, where the plaintiffs obtained a verdict and judgment for one hundred and twenty-five dollars. The defendant appealed to the District Court, where another trial was had with the same result. A motion for a new trial was made, and being overruled by the court, was excepted to by defendant, who appeals to this court and assigns such ruling as the only error of which he complains.

*Polk & Hubbell* for the appellant.

*S. Sibley* for the appellees.

COLE, J. — I. The first ground on which the new trial was claimed, was, that the verdict was against evidence.

1. NEW TRIAL: conflict of evidence. Where there is conflict of testimony, as in this case, and the verdict is not palpably against the weight of evidence, an appellate court will not, as has been frequently held, interfere.

II. The first and second instructions given on motion of plaintiff, are objected to, on the ground that they improp-

2. CON-
TRACT:
debt paya-
ble in
property.

erly assume facts, and do not correctly state the issues made in the case. An examination of the pleadings and evidence has satisfied us that the objections in this particular are not well founded.

The third instruction embodies the proposition, that where a debt is payable in personal property, to be delivered at a particular time, and the debtor fails to deliver it at the time, the creditor may sue for the money due without demanding the property. This is correct law, and the objections to it are unfounded. *Games* v. *Manning*, 2 G. Greene, 251 ; and see authorities cited in the digest of this case in support of the same proposition in Dillon's Digest, pp. 128, 129.

III. The action was commenced on the 23d day of December, 1861. There was evidence introduced tending

3. —— renun-
ciation.

to show that by the terms of the original contract of sale, the defendant had his option to pay for the machine in money or in grain, as he earned it with the machine, at any time by or before Christmas, 1861. The evidence also tended to show that the defendant had taken the machine back to plaintiffs, and expressly renounced the contract of purchase under which he had taken possession of it, and left the State and did not return until after Christmas, 1861.

The fourth instruction asked by plaintiffs and given by the court was, in substance, that if the jury believed from the evidence that before this suit was commenced, the defendant declared that he would not retain or pay for the machine, and left the State without making provision for the payment, and did not return till after the time fixed for payment; that such acts were evidence tending to show an abandonment of the contract which would entitle the plaintiff to bring this suit before the expiration of the time fixed for the delivery of the grain.

The defendant claiming that the suit was prematurely brought, relied thereon in the District Court as a defense to the action, and asked the court, in several instructions prepared by his counsel, which were refused, and which embraced the same idea in different phraseology, to instruct the jury that if this suit was commenced before the time had expired in which defendant was to deliver the grain, then the plaintiff could not recover.

The giving and refusing to give these respective instructions was not error. - The rule of law is well settled, that if, before the time of performing the contract arrives, the promisor *expressly renounce* the contract, the promisee may treat this as a breach of said contract, and may at once maintain an action in respect thereof. Chitty on Contr. (10th Am. from 6th Eng. ed.), 799 ; *Hochster* v. *De Latour,* 2 Ellis & Bl. (Q. B.), 678 ; *Avery* v. *Bowden,* 5 Id., 714; *Elderton* v. *Emmons,* 6 Com. B., 160 ; *Bowdell* v. *Parsons,* 10 East, 359 ; *Lamoreaux* v. *Rolfe,* 36 N. H., 33.

. So if a party *disables* himself from performing his contract, he may be sued, as for a breach thereof, before the day for performance arrives. *Trask* v. *Vinson,* 20 Pick., 111; *McArthur* v. *Ladd,* 5 Ohio, 514; *Heard* v. *Bowers,* 23 Pick, 455.

The fifth, sixth and seventh instructions were the same in substance as the fourth, and the giving them was not error.

Without reciting further here each instruction given and refused, we may say that we have carefully examined them, and find that there is no error therein to the prejudice of defendant.

The instruction given by the court on its own motion, and which was strongly favorable to the defendant, is the one of most doubtful correctness. But since the error, if any, could not possibly have operated to defendant's prejudice, he cannot complain.

The judgment of the District Court is Affirmed.