CASE 56—PETITION ORDINARY—SEPTEMBER 20.

# Archer vs. National Insurance Company.

APPEAL FROM JEFFERSON COURT OF COMMON PLEAS.

1.  A demurrer to all the paragraphs in an answer should not be sustained
    if any one paragraph imports a bar to the action.
2.  As the notes sued on were given for premiums for the insurance of two
    steamboats, and the contract was made through an agent at New
    Albany, in Indiana, the *lex loci contractus* must determine its legal
    validity and effect. If, therefore, the law of Indiana invalidated the
    policy of insurance, the appellee could not enforce the premium.

JEFF. BROWN,                                    For Appellant,

CITED—

4 *Bibb*, 69; *Boone vs. Shackleford*.

6 *Mon.*, 662; *Clay vs. Johnson*.

4 *J. J. M.*, 154; *Rogers vs. McKnight*.

10 *B. Mon.*, 42; *Case vs. Fishback*.

1. *Metcalfe*, 230; *Griswold vs. Taylor*.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

A multifarious and fishing answer of eighteen para-
graphs should never be considered with indulgent favor,
nor be liberally interpreted. A good defense could and

should always be condensed within a much smaller compass. Nevertheless, as the demurrer was to all the paragraphs, if any one of them clearly imports a bar to the action, the circuit court erred in overruling it. But we are not satisfied that there is any such paragraph.

The paragraphs which deny the legal existence of the corporation or any binding consideration were certainly insufficient, as the notes expressly recognize the corporation and express a valuable consideration.

Nor is any other paragraph good, unless it be the very long one alleging the law of Indiana respecting insurances in that State by foreign corporations.

As the notes sued on were given for premiums for the insurance of two steamboats, and the contract was made through an agent at New Albany, in Indiana, the *lex loci contractus* must determine its legal validity and effect. If, therefore, the law of Indiana invalidated the policy of insurance, the appellee could not enforce the *premium*.

But, as recited in the answer, that law did not make the policy void or voidable, but only operated on the authority of the agent in cases of non-observance of its requisitions. And, notwithstanding the alleged non-conformity, the insurance company may be, and apparently is, bound by its recognized policy, negotiated through its recognized agent *in fact*. And the appellee being thus bound by its policy, there was a valuable consideration for the notes for the premium, which are therefore enforceable by civil remedy.

If there be anything in the law of Indiana which made the notes or the policy illegal, it has not, according to any reasonable construction of the answer, been averred.

Consequently, we cannot adjudge the answer sufficient in any one of its paragraphs.

Wherefore, the judgment is affirmed.