## JOEL MALTBY v. JOHN J. EISENHAUER.

CONTRACT, BREACH OF; *When Damages not Recoverable.* A. contracts with B. to deliver him at a specified place, and within a specified time, 100 cords of wood at $4 a cord. B., before any wood is delivered, gives A. an order on C. for goods to be applied in payment of the wood. A. draws goods on the order to the amount of $112.50, and this before he has delivered any wood. B. then notifies him that he will pay but $3.50 a cord. A. nevertheless, without any new arrangement, and without intimating that he is not acting under the contract, delivers wood enough, as he thinks, at the contract-price to pay for the goods received, and stops. Afterward, the account for goods amounting to $8.50 more than he had supposed, he sends that amount to B., who refuses to receive it. He then, hearing that B. claims interest, and is intending to sue, pays C. $10 to apply on the account. After the expiration of the time for delivering the wood, B. sues for the value of the goods, and on the trial A., after testifying that he delivered the wood because he wanted to put in wood for what he had got, adds: "I hauled no more for the reason that I did not want to take the risk of getting my pay; and so let the contract go." *Held,* That A. could not recover damages of B. for breach of contract.

*Error from Saline District Court.*

ACTION brought by *Eisenhauer*, who claimed in his bill of particulars that *Maltby* was "indebted to plaintiff in the sum of $112.50 for divers goods, wares and merchandise by the plaintiff purchased and procured for and delivered to defendant," etc. No credits were given or stated in plaintiff's bill of particulars, and no bill of particulars or answer was filed by defendant at any time. On appeal to the district court, a trial was had at the March Term 1875. The principal facts are stated in the opinion. On the part of *Maltby*, defendant, it was, at the trial, claimed that he was entitled to recoup damages sustained by him by reason of the alleged refusal of *Eisenhauer* to receive the balance of the wood originally contracted for. On this point, after testifying that he had received goods from Ober & Bond on plaintiff's order to amount of $112.50, for which he had delivered to plaintiff 26 cords of wood at $4 per cord, and had paid $10 cash, *Maltby* testified:

"Last fall sometime, I asked Eisenhauer if he would take the remainder of the (100 cords of) wood; and he said he would not take any more until this account at Ober & Bond's was settled. When Eisenhauer told me he would give only $3.50 per cord, I had about thirty cords cut. I intended to deliver 100 cords.. The men were still chopping."

And defendant asked the court to give the following instruction to the jury, which the court refused:

"If you believe from the evidence that when this last contract for wood was made the price to be paid was the same as paid on the previous contract, which is admitted to have been $4 per cord, and that afterward plaintiff Eisenhauer refused to pay more than $3.50, and so informed defendant Maltby, then and under those circumstances that would be such a breach and violation of the contract by Eisenhauer as would entitle Maltby to consider the contract at an end, and wholly rescinded; and if you believe that Maltby did then treat the contract as rescinded, he is entitled to recover whatever damages he has sustained by reason of the failure on the part of Eisenhauer to perform the contract; and the measure of the

damages would be the difference between the contract-price and the market value of the wood at the time it was to be delivered; and this you should allow him in your verdict."

Instruction refused. Verdict and judgment for plaintiff for $4.50, and *Maltby* brings the case here on error.

  *T. F. Garver*, for plaintiff in error.

The opinion of the court was delivered by

BREWER, J.: In the fall of 1873, Maltby made a contract with Eisenhauer to deliver to said Eisenhauer at his brick-yard one hundred cords of wood. About the time the contract was made Eisenhauer gave Maltby an order on Ober & Bond, merchants at Salina, for goods, which was in part payment of the wood to be delivered. Goods were thus drawn on Eisenhauer's account to the amount of $112.50 before any wood was delivered, and no goods were so drawn thereafter. After Maltby began the delivery of the wood, Eisenhauer denied the contract-price as claimed by Maltby, and said he would not pay it. Maltby then hauled what he supposed would be sufficient to pay for the goods he had drawn, and stopped without saying anything to Eisenhauer. No request was made for the balance of the wood, and no more was delivered. Eisenhauer claimed that the wood delivered did not pay for the goods obtained on the order, and brought this action to recover from Maltby the balance. The jury gave a verdict for the plaintiff for $4.50, and judgment was entered for that amount, and the costs. To reverse that judgment this proceeding in error is brought.

The errors complained of are in the instructions. The court charged the jury to allow plaintiff for the goods, and defendant for the wood delivered, and for $10 cash paid by him to Ober & Bond to apply on the account, and not to allow any damages for the breach of the contract, saying, that "the contract seems to be treated as at an end by both parties." It is of this that counsel complain, and say that the court should have given certain special instructions, one of which was to

the effect that plaintiff, by denying the contract-price, and saying that he would not pay it, was guilty of a breach of the contract, and that defendant was justified in then treating it as broken, and was entitled as damages for the breach to the difference between the contract-price and the market-value. To what extent a contract may be held to be broken before the time of performance arrives, may not be entirely settled. There are authorities which say that, if, before the time of performing the contract arrives, the promisor expressly renounces the contract, the promisee may treat this as a breach and may at once maintain an action in respect thereof. *Crabtree v. Messersmith,* 19 Iowa, 179; *Halloway v. Griffith,* 32 Iowa, 409; *Hochster v. De Latour,* 20 Eng. L. & Eq. 157; *Damba Rly. Co. v. Xenos,* 103 Eng. C. L. (or 11 C. B., N.S.) 152; 106 Eng. C. L. (or 13 C. B., N.S.) 825; L. R., 7 Ex. 218; *Frost v. Knight,* 5 Albany Law Journal, 235; *Burtis v. Thompson,* 42 N. Y. 246; *Dugan v. Anderson,* 36 Md. 567; *Lamoreaux v. Rolfe,* 36 New Hamp. 33. Several of these cases were for breaches of contracts to marry, and the courts in many express themselves qualifiedly, and as doubtful whether the proposition was correct as applicable generally to all classes of contracts. But be the proposition ever so sound, we think it not applicable here. There was no absolute renunciation of the contract, but rather a dispute as to its terms. Plaintiff did not deny contracting for, or refuse to take the wood, or to pay therefor. He did deny that he had contracted to pay $4 a cord, and did say that he would pay but $3.50. Now it occurs to us that it would be carrying the doctrine of these authorities very far to apply it to every case of a dispute about one of the terms of a contract. More than that, we think the defendant's own testimony warranted the court in its instructions. He testifies that after the plaintiff had notified him that he would pay but $3.50 per cord, he continued to deliver wood. He says he continued to deliver until he had delivered what he thought was enough to pay for the goods he had obtained, but he said nothing as to his intentions, and delivered wood after the notice, as before.

And for the wood thus delivered he claims the contract-price. In other words, he abides by the contract, after the notice, so far as he deems necessary to pay for what he has received. And indeed, both parties treat the contract as continuing, for the one delivers, and the other receives the wood; and this, without any new arrangement between them, and without an intimation by defendant that he is not on his part carrying out the contract.

What price was the defendant entitled to receive for the wood delivered after the notice? Suppose wood had fallen to two dollars a cord: could the plaintiff have refused to pay more? or, if it had gone up to eight dollars, could defendant have recovered that? It seems to us not. We think that the wood was delivered under the contract, and that the contract-price must control.

Again, when the time for delivering the wood had passed, hearing that plaintiff was about to sue for the goods delivered, defendant sends to him $8.50 to make up the difference between the goods and the wood, and when plaintiff refuses to receive it defendant pays Ober & Bond $10 to apply on the account. This certainly seems inconsistent with the idea of a right to damages for breach of the contract. He says of this, himself, that he delivered 26 cords at $4 per cord, amounting to $104; that when he found the account was $112.50 he sent the $8.50 to pay the difference, and when that was refused by plaintiff he paid Ober & Bond $10, and paid them that amount because he heard that plaintiff claimed some interest, and he wanted to avoid a lawsuit if he could. Still again, defendant testified in so many words, that he gave up the contract. This is his language: "After we had the conversation in which he said he would pay $3.50 per cord, I hauled the rest of the 26 cords because I wanted to put in wood for what I had got. I hauled no more for the reason that I did not want to take the risk of getting my pay, and *so let the contract go.*" It would seem from this that defendant had no just cause of complaint if the court held that both parties treated the contract as at an end.

In support of the verdict, it should be stated that plaintiff claimed that only 20⅛ cords of wood were delivered, and that there was a conflict of testimony as to the amount actually delivered. We think these considerations also dispose of the other questions raised in the brief of counsel, and the judgment will be affirmed.

All the Justices concurring.