## McCormick v. Basal.

1. **Contract:** RENUNCIATION OF. Where, before the time of performance of a contract, the promisor expressly renounces it, the promisee is authorized to treat it as broken and may maintain an action for the breach at once.

2. **Pleading:** MORE SPECIFIC STATEMENT: DAMAGES. The failure to specifically state in an action for damages for breach of contract the damages suffered by the plaintiff is not assailable by demurrer, but constitutes ground for a motion for a more specific statement.

*Appeal from Winneshiek Circuit Court.*

TUESDAY, JUNE 12.

ACTION at law. A demurrer to plaintiff's petition was sustained and judgment thereon rendered for defendant. Plaintiff appeals.

*Willett, Wellington & Willett*, for appellant.

No appearance for appellee.

BECK, J.—The petition alleges that the defendant ordered, in writing, of the plaintiffs, a reaper to be shipped on or before July 1st, 1876. Payments were to be made therefor and notes to be executed, as follows: November 1, 1876, $10.00, for freight, on delivery; March 1, 1877, cash, $25.00, to be paid; two notes to be executed on delivery of the machine, drawing interest from July 1st, one for $65.00, payable March 1, 1878, the other for $100, payable March 1, 1879.

The petition further alleges: "That the machine was ready for delivery at the time and place specified in the order, and was at that time delivered to and accepted by defendant; that defendant expressly renounced the contract and refuses to pay the cash and execute the promissory notes, as agreed by the terms of said order" Plaintiff claims to recover $200 damages.

The defendant demurred to the petition on the grounds: 1. That the petition shows that nothing is due plaintiffs. 2. No actual damages are shown in the petition.

I. The demurrer, in our opinion, was erroneously sustained. The defendant having expressly renounced the contract, the

1. CONTRACT: renunciation of.

plaintiffs were authorized to treat it as broken and to commence an action thereon at once. *Crabtree v. Messersmith*, 19 Iowa, 179; *Holloway v. Griffith*, 32 Iowa, 409.

*Hall v Hunter*, 4 G. Greene, 539, is not in conflict with this rule. In that case the action was on a contract for the purchase price of a horse, to be paid for partly by a note of the purchaser, due at a future time. He had not, as in this case, renounced the contract, but had refused to give the note. The suit being on the contract of purchase to enforce its terms, the court did well conclude that the deferred payment could not be recovered until it was due by the terms of the contract.

In the case before us the suit is not on the contract, that is,

to enforce the terms of the contract, but to recover for its breach. In this case the contract being broken by defend-ant's renunciation, plaintiffs are entitled to bring their action at once.

II. The second ground of demurrer is in effect that the petition fails sufficiently to set out the actual damages sus-2. PLEADING: tained by plaintiffs. If this be a well founded more specific objection, it does not constitute a cause for assail-statement: damages. ing the petition by demurrer, but is a ground of motion for a more specific statement. Code, sections 2648, 2720. The judgment of the Circuit Court is

REVERSED.