TAYLOR *v*. PURCELL.

Opinion delivered June 8, 1895.

1. *Note—Intoxication as defense.*

Where the defense to a note is that it was signed by defendant while intoxicated, it is error to instruct the jury that the note is void if defendant was so much under the influence of drink that his reason, memory and judgment were impaired ; as it is only where one is so completely intoxicated as to be incapable of knowing what he is doing, or of understanding the consequences of his acts, that his contracts, entered into while in that state, are rendered void.

2. *Pleading—Separate paragraphs in answer.*

The requirement of the code that each defense in an answer "shall be distinctly stated in a separate paragraph, and numbered," is substantial as well as formal, and involves the obligation to embody in each statement every fact which is necessary to constitute the defense.

3. *Answer—Nil debet.*

An answer which denies that defendant is indebted to plaintiffs in any amount upon the note sued on is only a denial of a legal conclusion, and is not sufficient.

4. *Payment—Delivery of order.*

A defense to a note alleging that defendant delivered to plaintiffs a standing order on the Levee Board of the State of Mississippi, without alleging that the order was accepted in settlement of the note, or that anything was paid on the order, or that it was of any value, is not sufficient.

5. *Payment—Indorsement of check.*

An answer to a suit upon a note, averring that defendant indorsed "a check from the United States for the sum of $500, which should have been applied to the payment of said note," is insufficient in failing to allege that the check was paid, and whether it was indorsed to plaintiff or to some third person.

6. *Payment—Sufficiency of pleading.*

A defense to a note which alleges that plaintiffs sold several head of mules, for which they gave defendant no credit, is bad in not stating to whom the mules belonged, whether defendant had any interest in them or not, and whether the sale of them them had any connection with the note sued on.

7.　*Pleading—Defense—No consideration.*
> A defense to a note that it was given without consideration is good.

8　*Note—Defense—Agreement to release mortgage.*
> A defense to a note which alleges, in substance, that, to induce defendant to sign the note, plaintiffs agreed to release all claims under a mortgage upon defendant's property, and that they had failed to comply with such agreement, is bad in failing to state that this was the only consideration for the note, that defendant was damaged by such failure, or that their failure to satisfy the mortgage was not a mere oversight which would have been corrected on demand.

Appeal from Saline Circuit Court.

ALEXANDER M. DUFFIE, Judge.

### STATEMENT BY THE COURT.

The appellants, Taylor, Duffin & Co., brought suit against appellee, James Purcell, on a promissory note, for $433.44. The defendant, among other defenses, undertook to show that the note was procured from him while he was intoxicated, and that it was without consideration. Among other instructions given by the court was the following : "The court instructs the jury that if they believe from the evidence that, at the time the defendant executed the note sued on, he was so much under the influence of drink that his reason, memory and judgment were impaired, and, while in this condition, the plaintiffs induced defendant to sign this note, then you will find said note void, and that defendant is not bound thereby."

*Ashley Cockrill* for appellants.

Under our code of practice, each paragraph of the answer must present a complete defense, and facts sufficient to bar a recovery. Sand. & H. Dig., sec. 5722 ; 32 Ark. 131 ; 29 *id.* 365 ; Bliss, Code Pl. sec. 346. None of the paragraphs of defendant's answer constitute a good defense.

1. The first is a mere statement of law, and does not raise an issue of fact. Bliss, Code Pl. sec. 334; 54 Barb. 517; 35 Ark. 106; 35 *id.* 110. The facts that constitute the payment must be set out. The statement that there was a total failure of consideration is the statement of a conclusion of law. 8 Mo. App. 558; 65 Mo. 74; 10 *id.* 266.

2 and 3. The second and third are insufficient. There is no allegation that anything was paid.

4. One may have ample security for a note, still he may sue. Jones on Mortg. sec. 1215; 18 Ark. 546.

5. The fifth states a mere conclusion of law.

6. The supplemental answer states no defense. It was not good as a plea of failure of consideration. Parsons, Notes and Bills, vol. 1 (2 ed.), p. 203; Tiedeman, Com. Paper, 553; 91 Ill. 470. If plaintiffs refuse to satisfy the mortgage after request, defendant can proceed, under Sand. & H. Dig. secs. 5096–9. Fraud cannot be pleaded generally. 35 Ark. 555; 34 *id.* 169; 24 *id.* 464; 34 *id.* 292; 44 *id.* 496; 41 Barb. 341; 41 N. Y. 619; Bliss, Code Pl. secs. 210, 211; 31 Ind. 136.

7. It was error to allow defendant to read to the jury the mortgage from Purcell & Grace to J. R. Taylor. 27 Ark. 478; 23 *id.* 333.

8. The court erred in giving instructions one and two. Drunkenness is not a defense unless connected with fraud. Byles on Bills, 64; 1 Parsons on Notes & Bills, 151; 26 Mich. 249; 1 Green (N. J. L.), 233; 23 Am. Dec. 717. Still, if drunkenness, unconnected with fraud, is a defense, the contract is not void, but only *voidable* at the option of the intoxicated party on becoming sober. Lawson on Cont. (1893), sec. 164; Addison on Cont. sec. 148; Chitty on Cont. 192; Wald's Pollock on Cont. 92, note; 27 Ark. 173–4; 10 Ind. 109. And he must return the consideration. Tiedeman, Com. Pap. sec. 263; 1 Bailey (S. C.), 343; 19 Ind. 128. As to the

degree of drunkenness, it is settled that it should be such as to drown reason, memory and judgment, and impair the mental faculties to an extent that would render one *non compos* for the time being. 72 Ill. 108 ; 2 Head (Tenn.), 289 ; Lawson, Cont. sec. 164, note 1 ; 98 Ill. 541 ; 31 Ind. 136.

9. As to failure of consideration see Parsons, Bills and Notes, p. 207, 210 ; Randolph, Com. Paper. 540 ; 1 Dan. Neg. Inst. 203, etc.

*Wood & Henderson,* for appellee.

1. The plea of failure of consideration was a good plea. 23 Ark. 546 ; Story on Sales (Perkins' ed.) sec. 515 ; Tied. Com. Paper, sec 204 ; 34 Ark. 169 ; 21 *id.* 62 ; 17 *id.* 9 ; Boone on Code Pl. sec. 124.

2. The answers were probably defective, but all of them taken together show a good defense, and the demurrer was properly overruled. 32 Ark., 135 ; 29 *id.* 365.

3. A failure of consideration or want of consideration does not always grow out of fraud and deception ; it may be consistent with an honest intent. 45 N. W. 757.

4. When a contract is made by a person under the influence of liquor, *on an insufficient consideration,* a presumption of fraud arises, which must be countervailed by evidence of a fair consideration and fair and honest dealing on the part of him who obtains the note. 25 Am. Rep. 595; Bish. Cont. 656, 734 ; 15 Am. Dec. 569, and note ; 23 *id.* 717 ; 94 U. S. 505. It is not necessary for the intoxication to be procured by appellants. 3 Am. Dec. 602; Story, Pr. Notes (6 ed.), sec. 188 ; 15 Ark. 246.

5. The answer alleges that defendant was in no condition at that time to make any settlement, and advantage was taken of his condition to force him into a settlement. This was a good defense defectively stated. A demurrer was not proper. The remedy was by motion

to make more definite.   31 Ark. 657; 31 *id.* 379; 49 *id.* 277; 52 *id.* 378; 32 *id.* 131; Sand. & H. Dig. secs. 5771-2; 47 Ark. 31.

**1. Intoxica- tion as defense to suit on note.**   RIDDICK, J., (after stating the facts).   The instruction given by the court in reference to the effect of the intoxication of defendant was not a correct statement of the law.   It told the jury that the note sued on was void if defendant was induced to sign it while so much under the influence of intoxicating drink that his reason, memory and judgment were impaired.

It is probable that even a slight degree of intoxication to some extent temporarily impairs the mental faculties, but it does not follow that all contracts made while one is thus slightly intoxicated are void.   It is only when one is so completely intoxicated as to be incapable of knowing what he is doing, or of understanding the consequences of his acts, that his contracts, entered into while in that state, are thereby rendered void.   2 Kent, Com. 451; *Gore* v. *Gibson*, 13 Mees. & W. 623; *Bates* v. *Ball*, 72 Ill. 108; *Schramm* v. *O'Conner*, 98 Ill. 541; *Johns* v. *Fritchey*, 39 Md. 258; 11 Am. & Eng. Enc. L. 775.

Where the defense is that the contract or note was procured through fraud, the court or jury trying the case may take into consideration, along with other surrounding circumstances, the condition of the contracting parties at the time of making the contract, whether either of them was to any extent under the influence of intoxicating drink, in order to determine whether the contract was procured through fraud or not.   But, in the absence of fraud, the intoxication to invalidate a contract must be such as to temporarily dethrone reason and judgment.

**2. As to separate para- graphs in answer.**   The original answer of the defendant filed in this case consisted of six paragraphs and two more were added by a supplemental answer.   A demurrer to each

of said eight paragraphs was filed by appellant. The demurrer was overruled. Under the code a defendant may set forth in his answer as many grounds of defense as he may have, but it expressly requires that each defense "shall be distinctly stated in a separate paragraph and numbered." Sand. & H. Dig., sec. 5722. This requirement, says Prof. Bliss, "is substantial as well as formal, and involves the obligation to embody in each statement every fact which is necessary to constitute the defense." Bliss, Code Pleading, sec. 346. See, also, *Cairo & Fulton R. Co.* v. *Parks*, 32 Ark. 431; Pomeroy's Code Rem. sec. 716; Fitnam's Trial Procedure, sec. 572. Neither of the paragraphs of defendant's answer, with the exception of the fifth, state any defense to the complaint.

In the first paragraph he denies that he is indebted to plaintiffs in any amount upon the note sued on. This is only a denial of a legal conclusion, and is not sufficient. *Lawrence* v. *Meyer*, 35 Ark. 106; *Fain* v. *Goodwin*, 35 Ark. 110; Bliss, Code Pleading, sec. 334.

*3. Plea of* nil debet *is bad.*

In the second paragraph he undertakes to plead payment by alleging that he gave plaintiffs a standing order on the Levee Board of the State of Mississippi. But there is no allegation that this order was accepted in settlement of the note, or that anything was paid on the order, or that it was of any value whatever.

*4. Payment by delivery of order.*

In the third paragraph he alleges that he indorsed "a check from the United States for the sum of $500, which should have been applied to the payment of said note." But there is no allegation that this check was paid, nor does he state whether he indorsed it to plaintiffs or to some third party.

*5. By indorsement of check.*

In the fourth paragraph he alleges that plaintiffs sold several head of mules, for which they gave him no credit. But he does not state to whom the mules belonged, whether he had any interest in them or not, or

*6. By sale of mules.*

whether the selling of them by plaintiffs had any connection with the note sued on.

**7. Plea of no consideration.** The fifth paragraph alleges that the note sued on was without consideration. Under former decisions of this court, that was sufficient. *Catlin* v. *Horne*, 34 Ark. 169.

The sixth paragraph was only a repetition of the first in different words.

**8. As to agreement to release mortgage.** In the first paragraph of the supplemental answer he alleges in substance that plaintiffs, to induce him to execute the note sued on, agreed to release all claims under a certain deed of trust upon defendant's property, and that they had failed to comply with such agreement, and that the trust deed was still unsatisfied, etc. But he does not state that this was the only consideration for the note, or that he was damaged in any way by the failure to satisfy said deed. He does not allege that plaintiffs afterwards made any claim to the property described in the deed, or disturbed his possession or right thereto to any extent, or that their failure to satisfy the trust deed was not a mere oversight, which would have been corrected on demand. Although he alleges that this promise "to release the trust deed" was made to him as an inducement to execute the note, he ends this paragraph with the somewhat inconsistent statement that this matter only came to his knowledge "since the last term of the court." If it only came to his knowledge after the suit was brought, we do not see how it operated as an inducement to execute the note which was executed long before.

In the second paragraph in the supplemental answer, which is quite lengthy, defendant apparently undertakes to set up several different defenses, but his statements are so indefinite that we can not make out from them that he has any defense. The Court of Appeals of Kentucky in *Archer* v. *National Insurance Co.* 2 Bush, 226,

said that "a multifarious and fishing answer of eighteen paragraphs should never be considered with indulgent favor, nor be liberally interpreted." The answer of which the court spoke was much more prolix than this one, and we have not intended to apply that principle in this case, but a remark of the court in that case is, we believe, true of this one that "a good defense could and should be condensed in a much smaller compass."

We do not think the answer set up any defense except that stated in the fifth paragraph. The demurrer to each of the remaining paragraphs should have been sustained.

The judgment of the circuit court is therefore reversed, and the cause remanded, with an order to sustain the demurrer to each of the remaining paragraphs of plaintiffs' answer, and to the supplemental answer, with leave for defendant to file an amended answer if he so desires. If he declines to amend, let the case be tried on the issue made by the defense of no consideration set out in the fifth paragraph.