ALBERT CLAUDE and CHARLES CLAUDE v. FRANK RICHARDSON, Appellant.

**Contract for sale of land:** TENDER. Where an agreement to purchase land provides for payment upon the execution and delivery of the deed and abstract, either party must make a tender, to put the other in default.

**Refusal to perform.** A vendor of land who is notified by the vendee that he will not carry out the contract may rely thereon until he receives notice to the contrary.

**Recovery of purchase money.** A vendee of land who refuses to perform his contract because of a defect in the title, cannot recover back payments on the purchase price, where, at the time of receiving notice of such refusal the vendor had arranged to cure the defect within the time allowed for perfecting the title.

*Appeal from Wright District Court.*— HON. J. R. WHITAKER, Judge.

TUESDAY, JUNE 13, 1905.

ACTION to recover payment made on a contract to purchase land. Judgment as prayed, from which the defendant appeals.— *Reversed.*

*Birdsall & Birdsall* and *Peterson & Humphrey,* for appellant.

*J. W. McGrath* and *C. M. Nagle,* for appellees.

LADD, J.— The parties hereto entered into a written agreement for the sale of 80 acres of land. The Claudes paid $600 down and promised to pay " the balance, five thousand dollars, on March 1, 1903, upon the execution of deed and abstract showing a clear and perfect title and taxes all paid." The defendant furnished an abstract in January preceding the date of performance, and this was submitted to an attorney for examination, who made certain requisitions, among which was the satisfaction of a mortgage of $3,400 on the land. His opinion was sent to the defendant, who responded January 24, 1903, that he could not make the first correction required, but no mention was made of the others. No reliance is now placed on the first requisition and the others, except that relating to the mortgage, were met within a few days. The Claudes appear to have learned of the existence of the mortgage from some other source, and, after an interview with defendant, caused their attorney to write him February 5, 1903, that, " after looking up the title to the property," he had found it to be defective, and that " on reporting the same to the Claudes they declined to go any farther with the agreement. They will insist on the return of the money." The mortgage was unsatisfied March 1, 1903, and neither the deed nor the abstract was tendered, nor did they tender the deferred payment of $5,000. Moreover, no evidence of their ability or readiness to do so was introduced. It will be noted that the only defect in the title when the vendees refused to " go farther with the agreement " was the existence of the mortgage, which the vendor had twenty-three days within which to remove; and the evidence that he had arranged with the mortgagee, his father, to satisfy it in time is undisputed. On the 17th day of March, 1903, defendant conveyed the land to the mortgagee, but with the distinct understanding that he should perform this contract. The mortgage was then released. It will be observed that the stipulations are mutual and interdependent. In other words, the deed and abstract

were to be delivered at the time the balance of the purchase price was to be paid. In such a case the necessity of a tender by the one party to put the other in default seems to be universally recognized. Pomeroy on Specific Performance, 361; *Kimball v. Tooke,* 70 Ill. 553; *Gray v. Dougherty,* 25 Cal. 266; *Hall v. Whittier,* 10 R. I. 530; *Karker v. Haverly,* 50 Barb. (N. Y.) 79. See *Primm v. Wise,* 126 Iowa, 528.

True, there was a mortgage on the property, but the vendor was in a situation to have it satisfied and the abstract perfected. Moreover, the defendant had been notified by the plaintiffs that they would not do anything farther toward carrying out the contract, and he had the right to rely thereon until advised to the contrary. In *Downey v. Riggs,* 102 Iowa, 88, we quoted approvingly from Warvelle on Vendors, 949: " When a vendee who has paid money upon a contract of purchase, refuses to proceed, he cannot, save under exceptional circumstances, sustain an action to recover back the amount of the payments so made." No exceptional circumstances appear in this case save the existence of the mortgage, and the satisfaction of that was within the control of defendant. The defendant was not in default, and for this reason the petition should have been dismissed.— *Reversed.*