HENRY KUHLMAN v. HENRY WIEBEN, Appellant.

**Contract for sale of land:** ACTION FOR BREACH: TENDER. Where a vendor of land repudiates the contract prior to the time for making payment, the vendee may maintain an action for the breach without tendering such payment although the action is not brought until after the designated time of payment.

**Rescission:** INTOXICATION. To relieve one from the obligation of his contract on the ground of intoxication it must appear that the party was so completely under the influence of liquor that he did not understand the effect of the contract.

**Evidence:** CONCLUSION OF WITNESS. A witness may state that a party at a certain time was drunk, or that he acted drunk, and such evidence is not subject to the objection that it is a conclusion.

**Evidence of value.** The fact that a vendee in a contract of sale of land had arranged to resell the same at an advance was competent on his cross examination as bearing on the question of its value.

**Appeal:** SUFFICIENCY OF JUDGMENT. The clerk's record of the minutes made by the presiding judge in his calendar, when approved, will constitute a judgment, though informal, from which an appeal will lie.

*Appeal from Sac District Court.*— HON. Z. A. CHURCH, Judge.

THURSDAY, DECEMBER 14, 1905.

ACTION for damages caused by breach of contract to sell land. Trial to jury resulted in verdict for the plaintiff in the sum of $800. Judgment was rendered thereon, and the defendant appeals.— *Reversed.*

*Chas. S. Macomber,* for appellant.

*White & White* and *Will E. Johnston,* for appellee.

LADD, J.— The parties hereto reside near Holstein, and were passing the evening of February 20, 1904, in the saloon of Groskrueger. Each had partaken freely of that fluid which is said to have made Milwaukee famous. Weiben, when somewhat exhilarated, proposed to sell Kuhlman his farm of 160 acres. Kuhlman asked his price, and was informed that he would take $80 per acre, $1,000 to be paid before March 1st, and the remainder in five years, with interest at the rate of 6 per cent. per annum, secured by a mortgage on the land. Kuhlman accepted the proposition and paid $10 down. On the following morning Weiben carried the money back to Kuhlman and offered to return it, saying, " Better let the deal go, as both were drunk." Kuhlman said, " No," and wanted $1,000 for letting him out of the bargain. Weiben replied that he would spend that amount before he would give him any money, and left the $10 on the center table. Kuhlman testified that Weiben stated his wife would not sign the deed, but this Weiben denied. Weiben testified that he was drunk, but Kuhlman thought otherwise. Kuhlman made no tender of the money to be paid March 1st, and Weiben said that, if he had come, he might have paid $300, $400, or $500, and kept the land, " maybe and maybe not."

I.   Appellant insists that because of the plaintiff's omission to tender the payment on or before March 1st, according to the terms of the agreement, the defendant was not in default. *Claude v. Richardson,* 127 Iowa, 623. This is met, however, by the contention that defendant had renounced the agreement prior to that time, and therefore plaintiff might have elected to treat this as a breach, and immediately have sued for damages. *Holloway v. Griffith,* 32 Iowa, 409; *Crabtree v. Mes-*

1. CONTRACT FOR SALE OF LAND: action for breach: tender.

*sersmith,* 19 Iowa, 179; *McCormick v. Basal,* 46 Iowa, 235. But he waited until performance was exacted by the contract before bringing suit, and as the renunciation, if any, was not withdrawn, had the right to maintain it without a tender on his part. *Stanford v. Magill,* 6 N. D. 536 (72 N. W. Rep. 938, 38 L. R. A. 760); *Hixson Map Co. v. Nebraska Post Co.* (Neb.), 98 N. W. Rep. 872. In other words the statement that one will not comply with the terms of his contract excuses the other party from going through the useless formality of making a tender. We think the evidence such that the issue as to whether defendant renounced the agreement when he carried back the money was for the jury to determine. True he did not say in so many words that he would not convey the land, but that such was the meaning of what he did say and did, might have been inferred by the jury.

II.   Another issue was whether Weiben was so intoxicated that he should be relieved from the obligation of his contract. To justify this result he must have been so completely under the influence of intoxicants as not to have been able to understand the effect and consequences of the business transaction. See *Willcox v. Jackson,* 51 Iowa, 208; *Burroughs v. Richman,* 23 Am. Dec. 717; *Waldron v. Angleman* (N. J. Sup.), 58 Atl. Rep. 568; *Taylor v. Purcell,* 60 Ark. 606 (31 S. W. Rep. 567). Nothing in *Moetzel v. Koch,* 122 Iowa, 196, is to the contrary, as that was an action for specific performance, and the relief discretionary with the court.

*2. RESCISSION: intoxication.*

III.   One Kroeger, in answer to a question, testified: "I could easy see that he [Weiben] was drunk from his talk." This was stricken out on motion of plaintiff, because a conclusion and opinion of the witness, and not a statement of fact. The witness again answered, in response to a question, that "his voice was pretty thick, and he acted drunk, because I know him." The words, "he acted drunk," were stricken for the

*3. EVIDENCE: conclusion of witness.*

same reason. Still another answer that he acted drunk was excluded on like ground. These rulings were erroneous. *State v. Cather,* 121 Iowa, 106. Contrary to the appellee's contention, no similar testimony of this witness remained in the record, and what was said by way of describing his acts or talk did not obviate the error.

IV. The plaintiff testified that the land was worth $90 per acre. On cross-examination, he was asked if he had not bargained to sell it to one Grones at an advance of $500 in event the deal with defendant should be con-summated. An objection as incompetent, irrelevant, and immaterial, and not cross-examination was sustained. Grones testified that the land was worth $85 per acre and on cross-examination was asked if Kuhlman had not arranged to sell the land to him at $83 per acre if he got a deed from Weiben. The same objection was interposed with a like ruling. Both objections should have been overruled. The fact, if such it was, that these witnesses had arranged a sale at the price indicated was some evidence of value and bore directly upon the weight and credit to be given their estimates of the value of the land.

*4. EVIDENCE OF VALUE.*

V. Appellee suggests that there was no judgment entry, and for this reason no jurisdiction acquired by this court. It appears that the clerk copied the minutes of the presiding judge in his calendar into the records which were subsequently approved. This obviated the point decided in *Martin v. Martin,* 125 Iowa, 73. The entry, though informal, contains all the essential elements of a judgment.

*5. APPEAL: sufficiency of judgment.*

*Reversed.*