### ANTICIPATORY BREACH OF CONTRACT.

Circuit Court of Cuyahoga County.

ROOSFELD, ADMINISTRATOR, V. GLASGOW ET AL, AND GLASGOW V.
ROOSFELD, ADMINISTRATOR, ET AL.

Decided, October 26, 1908.

*Attachment—Renunciation of Contract Sufficient Ground for—Agreement Relating to the Proceeds of Life Insurance—Bond—Sections 5521 and 5563b.*

In an attachment proceeding where the affidavit alleges that the defendant has repudiated the contract upon which the claim in suit is based and refuses to carry out his agreement, the action is one on contract in the sense in which that word is used in the statute, and a motion to discharge the attachment on the ground that no breach of the contract has occurred will not lie.

*Higley & Maurer,* for Bertha Glasgow et al.
*Conway W. Noble,* for George M. Roosfeld et al.

MARVIN, J.; WINCH, J., and HENRY, J., concur.

Error to the court of common pleas.

Both of these cases grow out of proceedings upon motions to discharge attachment made by the court of common pleas in a

suit pending in that court, where George M. Roosfeld, as admin-
istrator of the estate of William McQueen Teetzel, deceased,
brought suit against Bertha Glasgow and James V. Teetzel.

The petition in the case alleges that a policy of insurance
upon the life of William McQueen Teetzel in the State Life
Insurance Company of Indiana, was taken out in the sum of
$5,000; that the beneficiary named in the policy was the defend-
ant, Bertha Glasgow, the sister of the insured; that a contract
was made between the insured and his said sister by which it was
agreed that this policy should be for the benefit of said Bertha
only to the extent of an indebtedness of $850 owing by the in-
sured to said Bertha, and evidenced by a promissory note, and
also as security to her for whatever amount she might pay on
premiums on said policy.  The petition further says that Bertha
paid the premiums on said policy in such an amount as that,
together with the $850 indebtedness, the debt to her, in the
aggregate, from the deceased is $1,400; that the contract be-
tween Bertha and the insured was that, except to the extent
necessary to pay this indebtedness to her, the policy should be
for the benefit of the estate of the insured; that upon his death
she should collect the amount owing upon the policy, pay herself
what should then be due to her and pay the balance over to the
representative of the estate of the insured.  The petition avers
that the insured is dead; but does not aver that the amount
owing upon the policy has been paid, but says that upon the
facts Bertha is indebted to the plaintiff in the sum of $3,600.
The petition further avers that the defendant, Bertha Glasgow,
has assigned said policy to James V. Teetzel, her brother; that
said assignment was without consideration and done simply for
the purpose of convenience to said Bertha Glasgow, and that the
said James V. Teetzel has no interest whatever in said policy.
The prayer of the petition is for judgment against the two
defendants in the sum of $3,600.

On the day of the filing of the petition the plaintiff filed an
affidavit, setting out substantially what is averred in the pe-
tition, and averring further that said Bertha has repudiated
her said contract to pay the avails of this policy, after deduct-
ing the amount due to her on the promissory note and the

premiums paid by her, and that she refuses to carry out the same. It further avers that each of said defendants is a non-resident of the state of Ohio; that the claim upon which the suit is brought is just and that he ought to recover thereon the sum of $3,600. It is further averred in the affidavit that the State Life Insurance Company of Indiana is indebted to said defendants in the sum of $5,000.

Upon the filing of this affidavit an order of attachment was issued against the two defendants, and garnishee process was issued and served upon an agent of the insurance company.

Each of the defendants, appearing for the purpose of the motion only, filed a motion to dissolve this attachment, the court sustaining the motion of James V. Teetzel and discharging the attachment as against him, but overruling the motion of the defendant, Bertha, and sustaining the attachment as against her. Thereupon Bertha comes into this court seeking to reverse the judgment overruling her said motion, and the plaintiff comes into this court seeking the reversal of the judgment discharging the attachment as to James V. Teetzel.

First, as to the attachment against Bertha. The ground of the attachment being non-residence of the defendant, it must appear, under Rev. Stats., 5521, that the claim is for a debt or demand arising upon contract, judgment or decree, or for causing death, or a personal injury by a negligent or wrongful act. It is urged here on behalf of Bertha that the claim made against her does not bring it within these provisions of the statute. Of course if it does, it is because it is upon contract. It is said, however, that if it is upon the contract set out in the affidavit and in the petition, that that contract only requires payment to be made by her when she has recovered from the insurance company, but it is settled that a suit brought for the breach of a contract is a suit brought upon that contract. See *Halbert* v. *Armstrong*, 14 C. C., 296, where the suit was for a breach of a contract of marriage. Also *Railroad Company* v. *Peoples*, 37 O. S., 537, where the suit was based upon the contract of the railroad company to carry a passenger, and a breach was alleged in that defendant did not carry the passenger in safety. But, it is said, there was no breach of the contract here,

because nothing was to be paid by Bertha until she had recovered from the insurance company, and therefore, until she does so re-cover from the insurance company, she owes nothing to the plaintiff.

It is held, however, in numerous cases that there may be an anticipatory breach by a renunciation of a party to a contract and an absolute refusal to be bound by it, and where that renunciation is complete the other party may bring suit, founded upon such renunciation.  See *Roehm* v. *Horst,* 91 Fed. Rep., 345.  The second clause of the syllabus reads:

"Where one party to a contract gives notice of his intention not to perform, the other is justified in treating such action as an anticipatory breach, and may sue for damages without waiting for the time of performance to arrive or making tender of performance."

Also *McCormick* v. *Basal,* 46 Ia., 235.  The first clause of the syllabus reads:

"Where before the time of performance of a contract the promisor expressly renounces it, the promisee is authorized to treat it as broken, and may maintain an action for the breach at once."

Other authorities, to the same effect, are found in 9th Cyc. of Law and Procedure, beginning at page 635.

In view of the allegation of the affidavit that "said Bertha Glasgow has repudiated said contract and refuses to carry out the same," we hold that the plaintiff had a right to begin the action; that it was an action upon contract, in the sense in which that word is used in the statute, and that with the other allegations of the affidavit, the plaintiff showed a proper case for the allowance of the attachment, and that the action of the court in overruling the motion to discharge the same was right, and that judgment is affirmed.

As to the motion made by James V. Teetzel, the court was clearly right in sustaining that motion and discharging the attachment.  There was no contract between the plaintiff and James V. Teetzel, and the ground of the attachment being the non-residence of Teetzel, it is clear that the plaintiff was entitled to no attachment, as against him.

It was urged on the hearing that because of the failure of Teetzel to file the bond required by Rev. Stats., 5563b, his case was not properly in this court. Since the result here must be that the judgment of the court of common pleas is to stand, because if we dismiss the proceeding, it would be left to stand, and if we affirmed the judgment, it will stand, we affirm the judgment below without committing ourselves upon the question of whether bond should have been given by the plaintiff in error, under Rev. Stats., 5563b.