Merrimack, }
June 28, 1912. }

### BATES STREET SHIRT CO. v. PLACE.

Where a contract of sale provides for a certain term of credit after shipment, the vendor cannot maintain an action for goods sold and delivered until the expiration of the stipulated term after a shipment of merchandise which the vendee accepted, or was bound to accept in performance of the contract.

Where a vendee, after refusing goods purchased on credit because they fail to conform to his order, agrees to accept them on condition that they shall be altered to comply with the contract, his waiver of the right to rescind does not, as matter of law, imply a waiver of his right to the stipulated credit.

Where a purchaser wrongfully refuses to accept goods sold upon credit, the vendor may recover the agreed price in a suit begun after the expiration of the term of credit, or he may elect to treat the contract as terminated and immediately bring an action for its breach, the damages in the latter case being the difference between the agreed price of the merchandise and its value in the hands of the vendor.

ASSUMPSIT, for goods sold and delivered. Trial at the October term, 1911, of the superior court before *Pike*, J., who reported the facts at the request of the parties.

In the spring of 1907, the defendant gave the plaintiffs' salesman a written order for shirts, the price of which amounted to $235.25, subject to a discount of six per cent if paid within seventy days from date of shipment, which was to be made September 1. The goods were shipped in September and received by the defendant September 18. Upon examination, the defendant found they were not as ordered, the label on each shirt differing from the one described in the order, and he refused to accept them for this reason. There was considerable correspondence between the parties. January 25, 1908, the plaintiffs wrote the defendant, acknowledging that the error was due to the carelessness of their salesman, and continuing: "All we can say to you is this, that if you will return the shirts we will remove the tickets, put the garments in good order, and reship them to you without expense to you." Accordingly the defendant shipped the shirts to the plaintiffs, who replaced the labels with others such as the defendant desired, and reshipped the goods to him some time after February 17. They were received by the defendant February 27. March 16, he wrote the plaintiffs: "These shirts are fall and winter shirts and were ordered for that trade. It will be impossible for me to dispose of them until next fall, and I do not propose to buy them for spring shirts. The negligee and flannel shirts I can use all right and they will be accepted at the terms on the bill, six per cent sixty extra from date of last shipment to me. . . . This is not my mistake, and I do not see why I should load myself up with unsalable goods at this season."

March 17, the plaintiffs drew on the defendant through a Concord bank. When the draft was presented to the defendant, he learned that the plaintiffs had given instructions for its collection if not paid. March 20, the defendant returned all the shirts except seventeen by freight to the plaintiffs. Those which he retained had been damaged through his carelessness; and in his letter of March 20, refusing to accept the shirts, he enclosed his check for the billed price of the seventeen. The plaintiffs returned the check, refusing to accept it or to receive the goods from the railroad company, which now holds them. The plaintiffs' letter of January 25, 1908, induced the defendant to believe, and reasonably, that if permitted they would put the shirts in the condition called for by the contract and would then deliver them to him as completed, he to have seventy days credit after the date of the last shipment, which was the first shipment at which the goods were in accordance with the contract.

The court found a verdict for the defendant, upon the ground that if the defendant could not rightfully rescind the contract when he returned the shirts on March 20, the bill was not due when the suit was brought, April 11, 1908. The defendant tendered the plaintiffs' attorneys $18.62, the price of the seventeen shirts, and paid that sum into court. The plaintiffs excepted to the verdict, to the ruling that the suit was prematurely brought, and to the finding of the court as to the defendant's understanding of the plaintiffs' letter of January 25.

*Dudley & Lowe* (*Mr. Dudley* orally), for the plaintiffs.

*Hollis & Murchie* (*Alexander Murchie* orally), for the defendant.

PARSONS, C. J. When goods are sold on credit, no action can be maintained for the agreed price until the agreed term of credit has expired. *Dodge* v. *Waterman*, 36 N. H. 186, 188; *Parker* v. *Mitchell*, 5 N. H. 165. In this case the contract provided for a credit of seventy days after shipment of the goods. The court found a verdict for the defendant, upon the ground that the suit was brought before the expiration of the time of credit allowed by the contract. The action is assumpsit for goods sold and delivered. To warrant a recovery for goods sold and delivered, or for goods bargained and sold, the evidence must show that the title to the goods has passed to the purchaser. *Clay* v. *Bohonon*, 54 N. H. 474; *Gordon* v. *Norris*, 49 N. H. 376, 381; *Bailey* v. *Smith*, 43 N. H. 141. Therefore, under the former an actual delivery of the goods, or facts which as matter of law amount to a delivery, must appear. *Messer* v. *Woodman*, 22 N. H. 172. As by the contract the time of credit ran from the date of shipment, it may be assumed that the shipment of the goods constituted the delivery contemplated by the contract. To recover in this action it was therefore incumbent upon the plaintiffs to show a shipment of goods which the defendant accepted, or was bound to accept as a performance of the contract, at least seventy days before bringing suit.

The plaintiffs proved a shipment in September; and if the goods had complied with the order, it might not have been necessary for them to have proved an acceptance by the defendant to establish a delivery in accordance with the contract. *Nichols* v. *Morse*, 100 Mass. 523; *Rodman* v. *Guilford*, 112 Mass. 405. But the finding is that the goods shipped in September did not comply with the order and were not accepted by the defendant. "Under a special

contract for the manufacture or sale of a specific chattel, the purchaser is not bound to accept one differing from the one bargained for, though of equal value and usefulness." *Danforth* v. *Freeman*, 69 N. H. 466, 468; *King* v. *Rochester*, 67 N. H. 310; *Newmarket Foundry* v. *Harvey*, 23 N. H. 395, 409. As the defendant was not legally bound to accept the goods shipped in September and did not in fact do so, the title thereto did not then vest in him and did not do so until a shipment had been made in conformity with the contract. As there was no evidence that this was done before February 17, 1908, there was no error in the ruling that this action for the price was prematurely brought, April 11, 1908, unless the facts reported show a waiver in fact or law of the agreed credit.

The plaintiffs claim that their letter of January 25, 1908, in which they acknowledge the error in the shirts to be due to the fault of their salesman and offer to correct the mistake and reship the goods to the defendant if returned to them for that purpose, the return of the goods, their alteration to conform to the contract, and reshipment, constituted in fact a waiver of the terms of the contract as to credit, or at least an agreement to pay upon reshipment without further delay, this transaction being more than seventy days after the original shipment. As the plaintiffs broke the contract by shipping goods which did not conform to the order, the defendant might then have rescinded the contract entirely. *Walker* v. *Davis*, 65 N. H. 170. If his acceptance of the plaintiffs' offer to complete the shirts as ordered was a waiver of that right, such waiver does not necessarily imply a waiver of the terms of the contract as to credit. *Dodge* v. *Waterman*, 36 N. H. 186, 188. Whatever the plaintiffs intended to say in their letter offering to alter the label on the shirts, they said nothing about payment. The terms of the contract could not be altered expect by the assent of both parties. Whether the defendant understood that in returning the shirts for alteration to comply with the contract he was agreeing to waive the stipulation of the contract as to credit, is a question of fact; and in the absence of any express condition as to change of time of credit in the plaintiffs' letter, it cannot be said that the finding that his understanding was reasonable is unsupported by the evidence. If the plaintiffs had one view of the transaction and the defendant another, their minds did not meet and no change in the contract was in fact effected. The defendant, after learning of the plaintiffs' purpose to attempt collection of the price immediately after reship-

ment to him, upon March 20 returned the shirts to the plaintiffs and wrote them refusing to accept the goods at all.

The trial court made no finding or ruling as to the defendant's legal right to rescind the contract at this time, or as to the fact of rescission, and no question with reference thereto is transferred. The sole ground upon which the verdict is found is that the suit is premature. Upon this point the plaintiffs claim that the defendant's refusal to accept the shirts was a breach of the contract which gave them a right of action at once. This may be so; but they have brought no action for such breach and made no such claim. They refused to receive the goods from the railroad and stand upon the position that title thereto has been vested in the defendant—that they are his goods. If the defendant under the circumstances was legally bound to accept the goods, this position is well taken, and the plaintiffs need not resort to an action against the defendant for not doing in fact what the law will compel him to do.

Assuming that the defendant's refusal to accept the goods was wrongful and a breach of the contract of sale, the plaintiffs could have elected to regard the sale at an end and have brought their action for the breach, or they could, as they have, insist upon the validity of the sale and require the defendant to conform to its terms; but they cannot do both. Electing to stand upon the contract, they must abide by its terms. The case is on all fours with *Parker* v. *Mitchell*, 5 N. H. 165, where the defendant refused to take or pay for an anvil bid off by him at auction upon a credit of ninety days. The suit being brought for the price within that time, the court say: "If the seller elected to consider it a sale and delivery, still it was a sale, under a special contract, that a credit should be given for the price; and *indebitatus assumpsit* could not be maintained for the price until the term of the credit expired. This is now well settled." The authorities are practically unanimous that an action for the price of goods sold on credit, which the buyer refuses to accept, cannot be brought before the time of credit expires. *Girard* v. *Taggart*, 5 S. & R. 19,—9 Am. Dec. 327; *Brady* v. *Isler*, 9 Lea 356; *Tatum* v. *Ackerman*, 148 Cal. 357,—3 L. R. A. N. S. 908, and note; Benj. Sales, s. 765; Chit. Cont. (10th Am. ed.) 453 (2).

The action for the price proceeds upon the ground that the title has passed, and the breach for which the plaintiff asks damage is the non-payment according to the contract. The refusal to accept goods ordered or purchased, when tendered under the contract, is also a breach of the contract, and for this breach there is a right of

action.  Chit. Cont. (10th Am. ed.) 464.  Generally, where one
party to an executory contract prevents the performance by the
other, or refuses further to be bound, the other may regard the con-
tract as terminated and demand whatever damages he has sustained,
without waiting for the time of performance to elapse (*Lee* v. *Dow,*
71 N. H. 326; *Lamoureux* v. *Rolfe,* 36 N. H. 33), though it appears
to be otherwise held in Massachusetts.  *Daniels* v. *Newton,* 114
Mass. 530.   So it is held that an action for breach of the agreement
to accept in a contract of sale may be brought at once, although
the contract gives time for payment of the price.   *Girard* v. *Taggart,*
*supra.*   But the actions involve a different rule of damages.   In an
action for non-acceptance, which proceeds upon the theory that the
title has not passed, the damages are the difference between that
price and the value of the goods, the title to which remains in the
vendor.   When the goods are worthless in the hands of the seller,
the damages may equal the price agreed.   *Gordon* v. *Norris,* 49
N. H. 376; *Rand* v. *Railroad,* 40 N. H. 79, 85.   Although there was
evidence that the subject of sale was wearing apparel manufac-
tured to the defendant's order, the defendant was a dealer and pur-
chased the articles for sale.   It cannot be assumed that they are of
no value for sale to others.   But this question, as well as the one
when a suit for non-acceptance may be brought, need not be con-
sidered; for the plaintiffs have not sued for or claimed damages for
the defendant's breach of his contract to accept, but rely on his legal
acceptance and consequent ownership of the goods.

The case *Inman Mfg. Co.* v. *Cereal Co.,* 124 Ia. 737, cited by the
plaintiffs, which holds that upon refusal to accept action may be at
once brought for the price regardless of the time of credit, overlooks
the distinction between an action for non-acceptance and one for the
agreed price.   *McCormick* v. *Basal,* 46 Ia. 235; *Crabtree* v. *Messer-
smith,* 19 Ia. 179.   There are also cases of sales providing for con-
secutive deliveries, where after a portion of the goods have been
delivered the purchaser renounces the contract and refuses to accept
further deliveries, in which the seller is permitted to regard the
contract as at an end and to recover on a *quantum valebant* for the
goods delivered and accepted.   *Tyson* v. *Doe,* 15 Vt. 571; *Barthol-
omew* v. *Markwick,* 15 C. B. N. S. 711; Benj. Sales, *s.* 763.   And of
course when the contract was abandoned before the delivery, its
provisions do not control.   *Hocking* v. *Hamilton,* 158 Pa. St. 107.
Relying upon the contract, the plaintiffs must abide by its terms.
*Jacobs* v. *Shorey,* 48 N. H. 100, 104, 105.

*Exceptions overruled.*

All concurred.