JOHN MCDERMOTT, Appellee, v. HAWKEYE COMMERCIAL MEN'S ASSOCIATION, Appellant.

**Accident insurance:** INTOXICATION: BURDEN OF PROOF. In an action on an accident insurance policy in which it was provided that the the association should not be liable for injuries received by the insured when in an intoxicated condition, the burden was on the association to show such intoxication.

**Same:** EVIDENCE. A non-expert may testify to the intoxicated condition of a person. Under the evidence the question of whether plaintiff was intoxicated at the time of the injury was for the jury.

**Evidence:** MOTION TO STRIKE. Where a substantial part of the evidence of a witness was proper a motion to strike his entire testimony, should be overruled.

*Appeal from Dubuque District Court.*—HON. ROBERT BONSON, Judge.

TUESDAY, JANUARY 14, 1913.

THIS is an action at law for weekly indemnity for an alleged accident by a member against the defendant as an accident insurance association. There was a trial to a jury and verdict, and judgment for the plaintiff. Defendant appeals.—*Affirmed.*

*Bradford & Johnson,* for appellant.

*Nelson & Duffy,* for appellee.

EVANS, J.—The accident in question occurred on March 30, 1910, at Dubuque. That the plaintiff was seriously injured and was disabled for many weeks is not put in dispute under the

testimony.  The defendant's claim of nonliability is based
wholly upon an affirmative defense.  The certificate of mem-
bership upon which liability is predicated in this case con-
tained the provisions that the defendant "shall not be liable
to any member for any indemnity or benefit for an accident
while the said member is in any degree under the influence of
intoxicating liquors." .It was averred by the defendant that
at the time of the alleged accident the plaintiff was under the
influence of intoxicating liquors.  The controversy of the trial
turned upon this question.  It appeared from the plaintiff's
evidence that he was a member of the Elks' Lodge, and was
at the Elks' rooms until about 11 o'clock of the night in ques-
tion; that he had taken "three or four ordinary drinks out
of an ordinary glass;" that these drinks covered a period of
a couple of hours, the last being about fifteen minutes before
his departure.  Upon his departure, while going downstairs
upon the middle landing, and while feeling his way for the
edge of the landing, there being no light at that place, he
caught his foot in such a way as to stumble and fall to the
foot of the stairs.  All the eyewitnesses testified that he was
not under the influence of liquor to any degree.  On behalf of
defendant, certain medical witnesses testified hypothetically
that the plaintiff must have been to some degree under the
influence of the intoxicating liquors which he had drunk in
the preceding two hours.  And this was the state of the evi-
dence upon which the trial court submitted the case to the
jury, after overruling defendant's motion for a directed ver-
dict.

I.   The trial court instructed the jury that the plaintiff
could not recover if he was under the influence of intoxi-
cating liquors to any degree at the time of the accident.  The
1. ACCIDENT IN-
   SURANCE: in-
   toxication:
   burden of
   proof.
principal question therefore presented to us
is whether the defendant was entitled to a
directed verdict under the testimony.  The
hypothetical evidence on behalf of the defend-
ant in the light of plaintiff's own testimony has the support

of much probability. But the burden on this issue was on the defendant. Nor can the positive testimony of the eye-witnesses be ignored. We think the trial court properly held that. the question should go to the jury.

II. Appellant assigns error upon the admission of the testimony of one Lang on the general ground that he was not competent to testify as an expert. We find no fair basis

2. SAME: evidence.

in the record for the argument. Lang was present at the Elks' rooms, and saw the plaintiff just before the accident, and testified from personal observation that he was not under the influence of liquor to any degree. The testimony was objected to as incompetent, and the objection was overruled. The admissibility of this kind of evidence is clearly settled by our previous decisions. *State v. Cather*, 121 Iowa, 108; *Kuhlman v. Weiben*, 129 Iowa, 188.

This testimony of the witness was followed by his further examination tending to show the range of his experience and opportunities for knowledge upon such a question. Argument

3. EVIDENCE: motion to strike.

is directed by appellant against this line of evidence. But no objection was made to *it* in the court below further than a motion at the close of the examination of the witness to strike out all his testimony. Inasmuch as a substantial part of his testimony was proper, the motion was properly overruled.

III. The defendant examined Dr. Allerson as a witness. It is now urged that the trial court erroneously sustained objections to certain question propounded to this witness. From a careful reading of the abstract, we find in the record only one ruling adverse to the appellant in the examination of this witness. To one question propounded to the witness plaintiff interposed the objection that it was leading, and such objection was sustained. The question was leading and the objection was properly sustained. The argument is not directed against any specified ruling.

We think the record is free from error, and the judgment must be *Affirmed.*