BANK OF STRATTON V. S. DIXON, Appellant.

**Review on Appeal:**   FINDING OF FACTS.   Service of the original notice in a suit was made by leaving a copy with defendant's wife at their home. The wife testified that she enclosed, directed, and mailed a letter containing this notice to her husband, who was absent from home in another county. Afterwards she said she was mistaken as to having mailed it, but her daughter testified that it had been mailed by her. Defendant said that the letter was never received by him, but no testimony was given attempting to account for its non-delivery. *Held*, that the trial court's finding that the letter was either not mailed, or that, if it was, it reached its destination, and was overlooked by defendant, should not be disturbed on appeal.

ON REFUSAL TO GRANT NEW TRIAL.   Defendant, against whom a default judgment had been obtained, claimed a new trial under Code 1873, section 3154, subdivision 7, providing that a new trial may be granted for unavoidable casualty preventing a party from defending. His testimony tended to show that the notice of suit left at his home with his wife had been regularly mailed to him, but that he had never received it. *Held*, that the trial court's action in refusing to grant a new trial would not be disturbed, in the absence of an abuse of discretion.

REVERSAL AND REMAND:   *Construction of opinion.*   Where the court, on a former appeal said, "We may, for the present purposes, admit that the facts alleged by defendant in excuse for his non-appearance constituted an unavoidable casualty and misfortune," but reversed the case solely for failure to set up a valid defense, the question of the sufficiency of the showing for a new trial, on the ground of unavoidable casualty, was not passed on or foreclosed so as to preclude an inquiry thereon in the trial court after remand.

*Appeal from Jasper District Court.*—HON. JOHN T. SCOTT, Judge.

SATURDAY, DECEMBER 22, 1900.

THIS action was brought on a judgment obtained against the defendant in Nebraska. Service of the original notice herein was made by leaving a copy with the defendant's wife at their home in Jasper county, on the twenty-seventh day of March, 1895. On the tenth of April following, judgment by default was rendered against the defendant; and on May 14, 1895, he filed a petition for a new trial, alleging that he was prevented from defending by unavoidable casualty and misfortune arising from the following facts, in substance: That at the time the notice was left with his wife, in Jasper county, he was engaged in business in Rockwell City, Calhoun county, Iowa, where he had been for some time, and where he remained until after the final adjournment of the term at which judgment against him was entered; that on the same day she received the notice his wife put it into an envelope, which was correctly addressed to him at Rockwell City, Calhoun county, Iowa, and properly stamped, and mailed it at the post office in Monroe, Jasper county, Iowa; that he never received the copy of the notice, nor did he have any knowledge that notice had been served or an action commenced against him until about May 6, 1895. He also set up a defense to the action. A trial was had on the issue thus presented, and the judgment was set aside. The plaintiff appealed from the order, and the case was reversed. The defendant then amended his showing of defense, and a retrial on the petition was had, which resulted in its dismissal. The defendant appeals.—*Affirmed.*

*Stevenson & Lavendar* for appellant.

*H. S. Winslow* for appellee.

SHERWIN, J.—This petition for a new trial was filed under subdivision 7, section 3154, Code 1873, which pro-

vides that a new trial may be granted for "unavoidable cas--
ualty or misfortune preventing the party from prose-
cuting or defending." The matter of granting a new
trial is left largely to the sound discretion of the trial
court, and, unless an abuse of such discretion is shown, we
will not disturb the finding. *Callanan v. Bank,* 84 Iowa, 8 ;.
*Willett v. Millman,* 61 Iowa, 123 ; *Mogelberg v. Clevinger,.*
93 Iowa, 736.

There is no question in this case as to the residence of'
the defendant at the time the notice was served. In the tes--
timony of the defendant's wife, given in her first deposition,
she says positively that she inclosed, directed, and mailed the·
letter containing the notice in question. In her sub-
sequent testimony she says she was mistaken as to
having mailed it, and the testimony of a daughter·
was before the court that she in fact deposited the letter in
the post office in Monroe. The defendant's testimony shows.
that there were two or three mails each day at Rockwell City,.
and that the letter was never received by him. The testimony
also shows that this letter was never returned to the defend-
ant's wife from the dead letter department, or from else--
where. There is no evidence tending to show that other let--
ters mailed by defendant's family to him while he was in
Rockwell City did not reach him, nor is there any evidence
of accident to, or destruction, or miscarriage of any mail at
any time passing between Monroe and Rockwell City. The
distance between the two places cannot be over 125 miles,.
and nothing in the record shows that any change of mail was.
necessary in passing between the two points, nor is it shown·
that the letter in question did not in fact reach Rockwell
City. The most shown on this subject is that the defendant
did not personally receive it. On the whole record before·
it, the trial court found that the letter was either not mailed.
to defendant, or, if it was, that it reached its destination, but·
was overlooked by him. This finding of fact we do not feel.

should be disturbed.   It is said in *Insurance Co. v. Rodecker,* 47 Iowa, 162: "In view of the almost unerring certainty in the transmission of mails in this country, which is well known to all men, we think the court below was justified in finding from the evidence that the envelope in question was not deposited in the postoffice in Des Moines, or, at least, that the fact was not established by the preponderance of the evidence." The facts in the case at bar are very similar to those in the case cited, and the language there used may well be applied here.

It is claimed, however, that this question is foreclosed by the decision on the former appeal of this case (*Bank v. Dixon,* 105 Iowa, 148); but such is not the case.   There the reversal was based on the failure to set up a valid defense, and the question of the sufficiency of the showing for a new trial on this question was not passed upon at all.   True, it was said, in arriving at the question which was to determine the case, "We may, for the present purposes, admit that the facts alleged by the defendant in excuse for his non-appearance   *   *   *   constituted an unavoidable casualty and misfortune;" but this language itself expressly shows that it was not deemed necessary to pass upon that branch of the case, and that the court did not do so is as clear as could well be made.   We are of the opinion that the judgment of the court below on this question finds such support in the evidence that we should not disturb it. As this will result in an affirmance, we do not deem it necessary to discuss the other questions argued.   The judgment is AFFIRMED.