IN THE MATTER OF THE CONTEST OF WILFORD HULL, Appellant v. W. W. EBY AND STATE OF IOWA *ex rel,* W. W. EBY v. WILFORD HULL, Appellant.

**Election Contest: QUO WARRANTO: COSTS.** An unsuccessful election
1    contestant is liable for the costs of contest, under Code, section
1217, and in a *quo warranto* proceeding to determine the title
to an office the payment of costs is to be determined as in criminal proceedings under Code, section 4318.

**Costs: CORRECTION OF JUDGMENT FOR.** Where a judgment for costs
2    has been erroneously entered, it may be corrected during the
term at any time before the decree is spread upon the record.

*Appeal from Mahaska District Court.*—HON. JOHN T. SCOTT, Judge.

WEDNESDAY, MARCH 9, 1904.

AT the general election of 1899 Wilfred Hull and W. W. Eby were opposing candidates for the office of county treasurer. The certificate of election was issued to Eby, whereupon Hull, who was the incumbent in office, contested. The board of contest found that Eby had been elected, and Hull appealed to the district court. Eby then instituted *quo warranto* proceedings by permission of the court in the name of the state, the county attorney having refused to prosecute. By agreement the two cases were consolidated and tried together, and the court, on March 8, 1900, decreed that Eby was duly elected treasurer of the county, and entitled to the possession of the office; but that after the trial, though before the signing of the decree, Hull had surrendered possession thereof to Eby, so that judgment of ouster was unnecessary, and declared Eby entitled to possession of the office, together with the books and moneys thereof, and rendered judgment

"that the state of Iowa pay the cost of the proceedings, taxed at $———." On March 24, 1900, the county attorney filed a motion to retax the costs and to tax them against Hull, the contestant in the one case and the respondent in the other. He was duly notified of this motion on the same day. The motion was submitted two days later, written arguments to be presented thereafter, and was sustained October 3, 1901, and the costs, amounting to $166.20, taxed to Hull. Prior to this time the decree had not been entered of record, nor the record signed. Hull appeals—*Affirmed*.

*McCoy & McCoy* for appellant.

*J. A. Devitt* for appellee.

LADD, J.—The election contest in which Hull was a contestant and Eby incumbent, pending in the district court, was consolidated with the proceedings in *quo warranto* instituted by Eby. The trial resulted in confirming the election of Eby, whom the board of canvassers had declared elected, and the statute directed that in such an event "judgment shall be against the contestant for costs." Section 1217, Code. Eby was also awarded the possession of the office, together with the books and money thereof, but, as Hull had turned these over since the hearing and prior to the signing of the decree, and paid Eby two months of salary, no judgment of ouster was entered. Again the costs should have been taxed to Hull. "When such action is brought upon the relation of a private individual, that fact shall be stated in the petition, and the order allowing him to prosecute may require that he shall be responsible for costs in case they are not adjudged against the defendant. In other cases the payment of costs shall be regulated by the same rule as in criminal cases." Section 4318, Code. No condition relating to costs was included in the order. Even if it had been fixed, the relator's responsibility in this case would not have been affected thereby, for, in any

event, these costs were, in the first instance, taxable against the defendant. In so far as defendant was concerned, the last sentence of the statute is controlling, and the judgment against him carried with it the costs, "according to the rule in criminal cases." It follows, then, that the judgment against the state for all the costs was erroneous. It may be, as contended by appellant, that a motion to retax costs was not the proper remedy. *Fairbairn v. Dana,* 68 Iowa, 231; *Perry v. Kaspar,* 113 Iowa, 268. But the record shows that, though the decree had been signed, it had not been entered in the record prior to its correction by the district court, and was not, therefore, a judgment. *Callanan v. Votruba,* 104 Iowa, 672; *King v. Dickson,* 114 Iowa, 160. Section 243 of the Code declares that "the record aforesaid is under the control of the court, and may be amended or any entry therein expunged, at any time during the term during which it is made, or before it is signed by the judge." If this can be done after the signed form of decree has become a part of the record, there is no reason for denying the authority of the court to modify its decision before being spread upon the record. The parties had notice and were heard, and, regardless of the character of the motion, there was no error in correcting the form of the decree, as the court retained jurisdiction to do that *sua sponte.* As the abstract discloses no agreement for the taxation of costs, that phase of the argument requires no attention. The motion to strike is overruled.—AFFIRMED.