HENRY TSCHOHL, JOHN TSCHOHL and JOSEPH VOGT, Appellees, v. THE MACHINERY MUTUAL INSURANCE ASSOCIATION, Appellant.

**New trial:** DISCRETION: EVIDENCE. The granting of a new trial is
1 peculiarly a matter of discretion with the trial court and in the absence of a showing of its abuse the ruling will not be disturbed. Evidence considered and held insufficient to show an abuse of discretion.

**New trial:** APPLICATION. An application for a new trial based on a
2 supposed agreement with counsel, which fails to allege that the agreement was not performed, is insufficient.

**New trial:** SHOWING OF DEFENSE. An application for a new trial after
3 judgment by default must set forth a good defense to the action.

*Appeal from Clayton District Court.*— HON. L. E. FEL-
LOWS, Judge.

SATURDAY, DECEMBER 17, 1904.

APPEAL from an order denying defendant's petition for
new trial.— *Affirmed.*

*W. N. Birdsall* and *V. T. Price,* for appellant.

*W. C. Lewis* and *D. D. Murphy,* for appellees.

WEAVER, J.— The petition for a new trial was filed
after the term at which a judgment was rendered in favor
of plaintiffs, and is based on a showing that appellant's prin-
cipal attorney engaged to try the cause in its behalf was in
ill health, and was relying upon an agreement of plaintiffs'
counsel to notify him when the cause was assigned for trial,
and that by reason of the counsel's sickness as aforesaid, and
his reliance upon the understanding with the attorney on
the other side, he failed to appear, and judgment went against
appellant by default. The trial court heard the testimony
offered in support of the petition, and refused to reopen the
case. As we have had frequent occasion to remark, the
granting and refusing of applications for new trial are mat-
ters so peculiarly within the discretion of the trial court we
will not interfere with its order unless it appear that such
discretion has been abused. The record does not disclose
such a case. In the first place, the petition itself, if we take
for granted all it alleges, does not show good ground for the
setting aside of the judgment entered. The allegation of
sickness is not that counsel was thereby wholly unable to at-
tend to his business, but that he was unable " to give full
and careful attention to business." In his testimony he says
that at the date of the judgment he was confined to his house
probably half the time, and, while going to his office at in-

tervals, was under the doctor's care. It is quite manifest, however, that had he deemed it necessary or advisable he could have informed the court of his condition and asked for time, or, if necessary, could have secured the aid of other counsel in preparing and presenting a motion for continuance.

The allegation of his reliance upon the supposed agreement with opposing counsel is also unavailing, for the petition nowhere states that the expected notice was not in fact given. It is to be said, also, that while the claim concerning this agreement is doubtless made in perfect good faith, the testimony appears to indicate that the understanding which existed between counsel had reference only to a former term of court, and that the subsequent reliance thereon by the attorney for appellant was the result of a misapprehension on his part.

A further and sufficient reason for upholding the order appealed from is to be found in the failure of the appellant to make any sufficient showing of a good defense to the plaintiff's claim.

The order refusing a petition for new trial is *affirmed.*