GEO. M. SMITH, Plaintiff, v. K. E. WILLCOCKSON, Judge, Defendant.

**Judgments:** VACATION BEFORE ENTRY OF RECORD: NOTICE. Prior to the record of a decree it is subject to the control of the court, and the successful party is bound to take notice of motions for its modification; and it may be set aside without service of notice of a motion therefor, or appearance of the party affected.

Certiorari to Keokuk District Court.

FRIDAY, JULY 2, 1909.

THIS is an original action by certiorari in this court to have determined the validity of the action of the defendant in setting aside a decree for the plaintiff in an action in which the plaintiff sought to have canceled a deed to certain real estate from said plaintiff to Doyle Burtis Smith, Gail Smith, and Maurene Smith, minors, represented in said action by a guardian ad litem.—Dismissed.

J. H. Wyllie, for plaintiff.

C. M. Brown, for defendant.

McCLAIN, J.—The action of this plaintiff against the three minors named in the preceding statement of facts was in equity, and the petition therein alleged that a certain deed, placed of record in the recorder's office in Keokuk County, a copy of which is attached as an exhibit, although purporting to be executed by plaintiff and his wife to said minors, was never delivered, and had without the knowledge or consent of plaintiff come into the posses-

sion of the defendants, and was obtained by force, fraud and stealth, and, further, that plaintiff had never received from said defendants the consideration in said deed named, or any other consideration whatever, and the prayer was that said deed be held for naught and canceled of record. Notice of said action appears to have been served July 25, 1908, on said three minor defendants (the eldest of them being of the age of twelve years) by reading the original to each of them in their presence and hearing, and also by reading the same to Horace W. Smith, their father, with whom they resided, and by delivering to each of them true copies. This service purported to have been made in the state of Oregon by one A. O. Coudit, who made a return of such service under oath, swearing to the same before a notary public in that state. On October 1st following the court appointed a guardian *ad litem* for said defendants, who filed a formal denial for them of the application, and on that day the case was tried, and subsequently, on the 5th of the same month, and during the same term at which the proceedings above recited were had, I. M. Walker, by his attorney, filed a petition in the same court to set aside said degree, representing that he was the regularly appointed guardian of the property of the minor defendants, and that said decree was absolutely void, because there was no service of notice upon them such as to give the court jurisdiction, or authorize the appointment of a guardian *ad litem,* and because the evidence upon which the decree was rendered was wholly by deposition taken upon commission, of which no notice had been served on said defendants, and that the defendants had a good and sufficient defense. On the same day on which this petition to set aside the decree was filed, and therefore still within the same term of court at which the original decree was entered, the defendant, as judge of said court, heard this application, and on the 7th day of November following, which was still during the September term, entered an

order setting aside said decree. At the time of the hearing of the application to set aside the decree and the entry of the ruling thereon, as appears from the return made by the defendant to the writ of *certiorari,* plaintiff was not present in court nor represented by attorney, although J. H. Wyllie, who had acted as plaintiff's attorney in procuring the original decree, and who is his attorney in this proceeding, was present in court and stated that he was not at the time attorney for plaintiff, although he participated in the hearing upon said application. It further appears that, at the time the application to set aside the decree was considered and sustained, said original decree had not yet been spread upon the records of the court. The reason assigned by said defendant in his return for setting aside the former decree was that there did not appear to have been any notice served upon the minor defendants of the taking of depositions which constituted the sole evidence before the court on which said decree was granted, and he further recites that upon investigation he became satisfied that the original action was an attempt on the part of the plaintiff to unjustly deprive the minor defendants of this real estate, and that justice to said defendants required that the decree be set aside.

The sole question for determination is as to the jurisdiction of the trial judge to enter the order complained of, setting aside the previous decree, without service of notice on the successful party or appearance by him or in his behalf. Until the decree was entered on the proper record, it was not conclusive, but was subject to the control of the court, and plaintiff was bound to take notice of any motion for its modification or correction. *Hull v. Elby,* 123 Iowa, 257; *McConnell v. Avey,* 117 Iowa, 282; *Miller v. Wolf,* 63 Iowa, 233. The case of *Kwentsky v. Sirovy,* 142 Iowa, 385, recently decided by this court, related to a modification of a judgment after its entry on the record by the clerk, and is not therefore applicable to the present case. The

lower court, therefore, had not lost jurisdiction to set aside its proposed decree on motion without a new notice. Its order was within the exercise of its jurisdiction.

The proceeding for annulment is therefore *dismissed*.