MARY E. HESS, Appellant, v. O. G. HESS, Administrator, Appellee.

**NEW TRIAL:** Timeliness in Filing Motion. The judge's calendar
1    entry. though spread in full upon the record, is not the *final* judgment, when not so intended or treated by the court. So held in computing the three-day limitation for filing motion for new trial.

**EXECUTORS AND ADMINISTRATORS:** New Trial on Application
2    for Distribution. Whether a motion for a new trial on an application for distribution must be made within three days after the entry of an order of allowance, as in case of *ordinary* actions at law, *quaere*. (See Sec. 3756, Code, 1897.)

**NEW TRIAL:** On Petition Only, After Term. A so-called *motion*
3    for new trial, filed after the term, is sufficient, when it embraces the matters which would constitute a good *petition*. (Sec. 4092, Code, 1897.)

*Appeal from Mahaska District Court.*—K. E. WILLCOCKSON, Judge.

OCTOBER 25, 1918.

THIS is a proceeding in probate, involving the distribution of the personal estate of J. O. Hess, deceased. Mary E. Hess filed an application in the probate court, asking for an order of distribution whereby the administrator should be directed to turn over to the applicant all the personal prop-

erty of the decedent, on the ground that it was all exempt property, and that the applicant was the common-law wife of the decedent at the time of his death. The application being contested, a hearing was had at the October, 1916, term, and a so-called decree was rendered, granting the application. Later in the same term, the order was set aside, and a new trial granted. The plaintiff appeals.—*Affirmed.*

*Dan Davis* and *McCoy & McCoy,* for appellant.

*L. T. Shangle* and *D. C. Waggoner,* for appellee.

EVANS, J.—The one point presented for our consideration by the appellant is that the motion for a new trial was not filed within three days after the entry of the decree of the court, and that the court, therefore, had no jurisdiction to consider the same. The parties are in dispute as to the state of the record upon which the plaintiff's complaint is founded. The motion for a new trial was filed on November 11, 1916, during the October term. The plaintiff, as appellant, contends that the final decree was entered of record on November 3d, and her argument is predicated upon that contention. The defendant, as appellee, contends that the decree was not entered of record until the 10th day of November, and that the filing of the motion for new trial was, therefore, in time. The actual record is presented to us in an abstract by appellant, an amended abstract by the appellee, and an amended abstract by the appellant, and a partial certification of the record. Each party seems afraid to be frank, with the result that the record is made as confusing to us as indirection can make it. The appellant sets forth a full certified copy of the calendar entries of the trial court. These show that the trial was concluded on October 28th, and the decision was announced on November 3d. The calendar entry made on November 3d was as follows:

1. NEW TRIAL: timeliness in filing motion.

"Court finds for the plaintiff, Mary Hess, and that she was the lawful wife of J. O. Hess, and is his widow (see decree), to all of which defendant administrator excepts."

This calendar entry was copied into the district court record by the clerk. This is the record upon which the appellant relies as being the final judgment; whereas, the appellee relies upon an enrolled decree, which was filed later, on November 10th, and duly spread upon the records of the court. This appears to be the net result of the conflict in the abstracts of the parties.

Doubtless, a calendar entry, spread upon the district court records, may be sufficient as a final judgment. But it is not necessarily such, nor does it terminate the jurisdiction of the court to cause to be entered a more extended and enrolled decree as the final judgment. In this case, the calendar entry made parenthetical reference to such proposed decree, as being either in existence or in contemplation. True, the enrolled decree purported on its face to have been made on November 3d. In this respect, it was in accord with the calendar entry as to date; but it appears that it was not, in fact, filed with the clerk until November 10th, and was, therefore, not entered of record prior to such date. The record of this enrolled decree was the final judgment, and the defendant was entitled to file a motion for a new trial within three days thereafter. Such was the view of the trial court.

In so considering the question, we have treated the case, as the parties have done, as an ordinary suit at law. As already indicated, it is, in fact, a proceeding in probate.

2. EXECUTORS AND ADMINISTRATORS: new trial on application for distribution.

In holding that the motion of the appellee was filed within three days, we do not thereby imply that the jurisdiction of the probate court would otherwise have been lost; nor are we prepared to say that the court could not, upon its own motion or otherwise, have set

aside or modified such order of distribution, at any time before the distribution had been made. On this question we have no occasion to pass, and are not prepared to intimate any opinion thereon.

It is to be noted, also, that the ground of appellee's motion for a new trial was newly discovered evidence. On this ground, application for new trial could have been made at any time within one year. True, it should be made by petition, rather than by motion. But the appellee's motion contains sufficient allegations to constitute a petition; and we should be slow to hold that the trial court should have ignored the substance of the application, or that it should have been wholly bound by the name applied to the application. We hold that the trial court had jurisdiction to grant a new trial.—*Affirmed.*

3. NEW TRIAL: on petition only, after term.

PRESTON, C. J., LADD and SALINGER, JJ., concur.