O. E. LARSON et al., Appellees, v. WILLIAM L. AINSWORTH, Appellant.

**NEW TRIAL: Proper Title.** A petition for a new trial is properly entitled as in the original action.

**NEW TRIAL: Pleading Due Diligence.** A statement of the facts constituting due diligence in proceedings for a new trial is all-sufficient.

**DISMISSAL AND NONSUIT: Reinstating Dismissed Action.** Whether, on reinstating a cause which the court has dismissed for want of prosecution, notice should be given to the adverse party, prior to further proceedings, *quaere.*

**NEW TRIAL: Unavoidable Casualty.** The act of the plaintiff in taking a default judgment after he had given defendant to understand that the action would be dropped, presents ample basis for new trial.

PLEADING: Belated Amendments. An amendment to a petition for new trial (no prejudice appearing) may be made as late as the trial day.

*Appeal from Webster District Court.*—E. M. McCALL, Judge.

NOVEMBER 23, 1918.

PETITION to set aside judgment and order a new trial was sustained. Plaintiffs appeal.—*Affirmed.*

*Grover M. Neese* and *Mitchell & Files,* for appellants.

*Frank Maher,* for appellees.

LADD, J.—On August 22, 1914, plaintiffs filed their petition praying judgment for $154.65 for gravel alleged to have been purchased of them by defendant. Four days thereafter, the original notice, signed by "Healy, Burnquist and Thomas, attorneys at law," was served on him. Nothing further was done until this entry was made of record:

"Be it remembered that, on this 14th day of February, the same being the 26th day of the regular January, 1916, term of this court, this cause is dropped from the calendar, can be reinstated on motion."

On March 1st following, plaintiffs filed a motion for an order reinstating the cause upon the calendar for trial at the March, 1916, term of court, on the grounds: (1) That this cause has been continued, and not noticed for trial heretofore, on account of the misapprehensions of the former attorneys for the plaintiffs; that said petition was filed by the firm of Healy, Burnquist & Thomas, and since the filing of the petition, aforesaid firm has been dissolved, and the case overlooked; (2) that the above case for action is now ready for trial. No notice of the filing of this motion was served on defendant, and on the 20th day of the same month, the court reinstated the case on the calendar, and entered judgment, as prayed. Thereafter, on September 21, 1916, defendant filed a petition reciting the proceedings, and praying that a levy of an execution on the defend-

ant's property be enjoined, and that the judgment be set aside, and new trial granted. Amendment to this petition was filed on the same day, and a writ of injunction was issued accordingly. A motion to dissolve the writ was filed, but does not appear to have been ruled on. Four days later, defendant filed another petition, to vacate the judgment and order new trial; and on January 10, 1917, plaintiffs filed what they denominated, "Resistance of defendant to petition to vacate judgment and for new trial." Though denominated a resistance, it was in the nature of an answer. On the same day, plaintiffs also filed an answer. On February 15th following, defendant filed a second amendment to his petition, and, on the same day, an amended and substituted petition in equity, which sought the same relief, in addition to a prayer for a writ of injunction. On the same day, defendant filed an answer to plaintiffs' original petition, and on March 21st following, another amendment to the petition to vacate judgment and for new trial, and on the same day, an amendment to the amended and substituted petition. Plaintiffs answered that, also.

I. Though there is some diversity in the way the petitions and amended and substituted petition are entitled, and one or two of them are noted as in equity, no objection is raised on that ground; for the parties stipulated that all should be heard together.

1. NEW TRIAL: proper title.

The practice approved by the authorities is to entitle the petition as in the original action, and, if desired, procure restraining orders, under Section 4098 of the Code. See *Johnson, Lane & Co. v. Nash-Wright Co.*, 121 Iowa 173; *Hintrager v. Sumbargo,* 54 Iowa 604. But merely formal matters are not to be regarded as controlling. *Wallace v. Wallace,* 141 Iowa 306.

Though the different petitions were to be taken as denied, without any pleading, the judgment plaintiffs filed answers, and therein traversed the allegation contained in

each petition. In none of these petitions

2. NEW TRIAL: did the judgment defendant allege the ex-
pleading due
diligence. ercise of due diligence,—that is, in these
words,—but therein recited the facts, or precisely what was done, with the evident purpose of indicating that he had acted promptly in availing himself of the privilege accorded by statute, of applying for a new trial. Had the pleadings merely alleged the exercise of due diligence, this would have been in the nature of pleading a conclusion; and, without saying whether this would have been sufficient, we are of opinion that a recital of the facts claimed to constitute diligence was a sufficient compliance with the rule exacting that the exercise of diligence must be pleaded in the petition for new trial and proven, and that there was no error in holding that such facts constituted due diligence. See *Scott v. Hawk*, 105 Iowa 467.

II. From the several petitions may be extracted the grounds relied on for new trial: (1) Irregularity in taking the judgment; and (2) unavoidable misfortune. The
irregularity alleged is that, though the de-

3. DISMISSAL AND fendant, in reliance on the assurance of
NONSUIT: re-
instating dis- plaintiffs' counsel that nothing would be
missed action.
done, and defendant need give the matter no further attention, had done nothing, and the cause had been dropped from the calendar by order of court, said cause was reinstated on motion of plaintiff, and judgment entered without notice to defendant. In these circumstances, it would seem that notice should have been served on defendant before proceeding with the cause; but, as the point must have been made by motion, and does not appear to be relied on by appellees, it is not passed on.

III. The trial of the issues raised by petition for new trial is by ordinary proceedings. *Markley v. Owen*, 102 Iowa 492; *Scott v. Hawk*, supra. And if the evidence is

sufficient to sustain the finding of the trial

**4. NEW TRIAL:**
**unavoidable**
**casualty.**

court, such finding will not be interfered with. *Kelly v. Cummens,* 143 Iowa 148. Indeed, whether a new trial shall be granted is peculiarly within the discretion of the trial court; and in the absence of showing of abuse, its order will not be interfered with, especially when a new trial has been granted. *Bank of Stratton v. Dixon,* 112 Iowa 621; *Farmers Exch. Bank v. Trester,* 145 Iowa 665; *Tschohl v. Machinery Mut. Ins. Assn.,* 126 Iowa 211. Tested by these rules, we find the evidence sufficient to sustain a finding of unavoidable misfortune and the exercise of reasonable diligence.

Shortly after the original notice was served, in August, 1914, defendant called at the office of Healy, Burnquist & Thomas, attorneys for plaintiffs, inquired for Burnquist, and, as he was absent, was directed to another member of the firm, Robert Healy, to whom he exhibited the notice, and inquired what to do about it. Defendant testified that he asked Healy:

"If it was my place to come to the county attorney about it,—if it was a county affair. He said, 'Yes.' I said, 'What about this?' He said, 'There will be nothing to it. Go home and leave it alone, and I will attend to it.' * * * I told him where the gravel went, and I told him I didn't see why I should have to pay for that, and he said, 'There is nothing to it; go home and leave it alone.' "

The witness seems to have forgotten about the matter, until he received a letter from Grover Neese, an attorney at law, in August, 1916, saying that there had been a judgment rendered against him. Thereupon, he took the letter to Robert Healy's office, and asked him who this man Neese was, and was told that he was a young man in his firm's office; and upon his inquiring of Healy, "What about this?" the latter replied: "There is nothing to this,—I will attend to that. * * * There will not be any levying against

you. Go on home." Thereupon, Healy told Neese not to hurry,—to hold the execution up awhile. The judgment defendant was somewhat confused in his testimony with reference to whether he relied upon Healy as speaking in behalf of the county attorney, or upon him as representing the judgment plaintiffs, but finally swore that he relied on him in both capacities; and the court might so have found.

The gravel for which compensation was sought of defendant was used by him as road superintendent, in grading a highway; and plaintiffs had, at defendant's instance, filed claim for payment thereof with the county auditor against the county. The situation was such that, even though the postponement was rather a stretch of the attorney's authority, the defendant was justified in relying on his action in so doing; at least, up to the time of the rejection of the claim by the board of supervisors.

The execution was not levied; and, sometime in August, 1916, another was issued; and, as the sheriff threatened to levy on defendant's car, he filed a petition for new trial, on September 21, 1916, shortly aided by an order restraining the levy of the execution.

From this mere recital of the facts, it is manifest that defendant, acting as an ordinarily prudent person, was lulled into security by the assurances of counsel for plaintiffs, the more readily because of the pendency of the claim against the county; and we entertain no doubt in concluding that he was prevented from defending, through unavoidable misfortune. Through the employment of another attorney, in addition to the firm which was bringing suit, the promise of the latter was lost sight of, and judgment entered in violation thereof.

The facts constituting the defense were not specifically alleged until March 21, 1917, the day of the trial. That such amendment was permissible appears from Section 4095

of the Code; and it was timely when prior to the trial, in the absence of any showing of prejudice. Since we discover no error, the order of the court granting a new trial is—*Affirmed.*

**5. PLEADING: belated amendments.**

PRESTON, C. J., EVANS and SALINGER, JJ., concur.