MRS. M. A. FULTON, Trustee LeClaire Ladies' Cemetery Association, Appellant, v. NATIONAL FINANCE AND THRIFT CORPORATION et al., Appellees.

No. 45957.

JUNE 16, 1942.

REHEARING DENIED OCTOBER 2, 1942.

Chamberlin & Chamberlin, of Davenport, for appellant.

W. A. Newport, of Davenport, for appellees.

MILLER, J.—The record herein is determined primarily from the pleadings. On September 14, 1939, plaintiff filed a petition seeking recovery of $1,000, interest, and costs, by reason of a note executed by the National Finance and Thrift Corporation. On November 10, 1939, plaintiff recovered judgment thereon by default in the sum of $1,016.68 and costs of $5.95. On April 1, 1940, general execution issued on said judgment and on April 4, 1940, it was served upon M. M. Heptonstall, personally and as president of said corporation. The notice required the garnishee to answer on June 4, 1940.

On June 12, 1940, Heptonstall filed an unverified answer stating that he was not indebted to defendant in any capacity. On June 18, 1940, plaintiff filed a motion to strike such answer because not verified and because the defendant had not appeared in person for oral examination, also a motion for judgment. On October 29, 1940, the court entered a judgment which recited that the garnishee had appeared for oral examination, but, before such examination was completed, the cause was continued until ·October 24, 1940, at which time the garnishee failed to appear and made default, pursuant to which judgment was entered against him for $1,016.68, with interest and costs.

The September 1940 term convened on September 10, 1940, and adjourned November 4, 1940. On November 26, 1940, the garnishee filed an unverified motion to set aside the default judgment, asserting that he had appeared in court on three different occasions for oral examination, and had testified in open court that he was not indebted to the defendant corporation and had none of its property under his control, but the corporation owed him several thousand dollars; he understood the matter was continued to October 29, 1940; on that day he was ill, called his attorney from his sickbed to report that it was impossible to attend court and was advised by his attorney

that judgment had been entered against him; said judgment could not have been based on evidence because there was no evidence in existence that would sustain it. The prayer was that the default judgment be set aside.

On December 5, 1940, plaintiff filed a resistance asserting that the findings in the judgment are conclusive on the parties; the motion is too late because not filed at the September 1940 term; the grounds stated in the motion would not warrant setting aside the judgment, and there was no supporting affidavit. On December 10, 1940, the garnishee filed an affidavit in support of his motion, wherein he asserted under oath the matters asserted in the motion. On April 19, 1941, plaintiff filed a motion to strike the affidavit because not filed with the motion but subsequent thereto, asserting also the propositions contained in the resistance to the motion, also that the affidavit showed lack of diligence and disregard for our statutes and failed to contain facts which would constitute grounds for setting aside the default judgment.

On June 17, 1941, hearing was had, the court sustained the motion of the garnishee, set aside the judgment previously entered against him, and taxed the costs against the plaintiff in the sum of $43.80. The plaintiff appeals to this court.

The first assignment of error asserts that the motion of the garnishee was filed too late because not filed at the term at which the judgment was entered. The second assignment challenges the showing of diligence. The third assignment challenges the showing of merit. These are the only errors assigned. We are unwilling to sustain them.

█ The fact that the motion to vacate the judgment was not filed until after the adjournment of the September 1940 term deprives the garnishee of any benefit of the provisions of section 11589, Code, 1939. However, we think that the court had jurisdiction to proceed herein pursuant to chapter 552, Code, 1939. It is true that the requirements of the chapter were not strictly complied with, but there was sufficient substantial compliance with the provisions of said chapter to warrant the court's entertaining the proceedings. Section 12792 provides that the application shall be by verified petition, but we have held repeatedly that a motion may be treated as a petition.

Hess v. Hess, 184 Iowa 796, 799, 169 N. W. 111; Pyle v. Herring, 185 Iowa 646, 649, 164 N. W. 173; and cases cited therein. The application may be amended. Larson v. Ainsworth, 184 Iowa 1187, 169 N. W. 462; Guth v. Bell, 153 Iowa 511, 133 N. W. 883, 42 L. R. A., N. S., 692, Ann. Cas. 1913E, 142. The motion herein, as amended by the supporting affidavit, was the equivalent of a verified petition.

On such questions as that of diligence and a showing of a meritorious defense, we state in Larson v. Ainsworth, supra, at pages 1190 and 1191 of 184 Iowa, page 463 of 169 N. W., as follows:

"The trial of the issues raised by petition for new trial is by ordinary proceedings. Markley v. Owen, 102 Iowa 492; Scott v. Hawk, supra. And if the evidence is sufficient to sustain the finding of the trial court, such finding will not be interfered with. Kelly v. Cummens, 143 Iowa 148. Indeed, whether a new trial shall be granted is peculiarly within the discretion of the trial court; and in the absence of showing of abuse, its order will not be interfered with, especially when a new trial has been granted. Bank of Stratton v. Dixon, 112 Iowa 621; Farmers Exch. Bank v. Trester, 145 Iowa 665; Tscholl v. Machinery Mut. Ins. Assn., 126 Iowa 211."

Section 12798 provides for a trial. Here there was a hearing, but the abstract indicates, and counsel for plaintiff assert, that no evidence was introduced. We do not find any showing of an objection to this phase of the case below and the assignments of error do not present that question here. On the errors assigned for our consideration, there does not appear to have been such an abuse of discretion as would warrant interference on our part.

In undertaking to decide this case on the merits, we have interpreted the recitals in the abstract in the light most favorable to the plaintiff. It is there recited that the court below entered "final judgment," which set aside the judgment previously entered against the garnishee, entered judgment against the plaintiff for the costs taxed herein and ordered that execution issue therefor. Of course, if the order appealed from was

382

nothing more than an interlocutory order setting aside a default, it would not be appealable. See Wagoner v. Ring, 213 Iowa 1123, 1126, 240 N. W. 634, and cases cited therein.

The cause is—Affirmed.

All JUSTICES concur.