IVAN FRESHOUR, Appellee, v. LIZZIE FRESHOUR, Appellant.

No. 46304.

OCTOBER 19, 1943.

O. M. Slaymaker, R. E. Killmar, and D. D. Slaymaker, all of Osceola, for appellant. ·

Lee R. Watts, of Corning, for appellee.

OLIVER, J.—Appellee, Ivan Freshour, instituted in Adams County District Court an action for divorce from appellant, Lizzie Freshour, on the ground of cruel and inhuman treatment. Appellant answered denying said charge and praying for divorce from appellee. Thereafter, the parties entered into a written stipulation. Apparently, this was filed in said cause February 27, 1940. It recited, in part, that the parties desired to settle their property rights (conditioned apparently upon the granting of a divorce) and provided that appellee should pay appellant $150 (receipt of which was acknowledged), and the costs of the action, including the fee of appellant's attorney, and that neither party should thereafter have any further claim against the other.

On the same date said cause was tried to the court (Judge Carter), in whose handwriting the following calendar entry appears:

"No. 8851. Ivan Freshour v. Lizzie Freshour. 2-27-40. Personal service. Defendant withdraws her answer and cross petition. Default for want of pleading. Evidence introduced by the plaintiff. Decree for the plaintiff as per Decree signed."

Thereupon the clerk of said court recorded said entry in the district court record book in identical language. Appellee paid the court costs and the fee of appellant's attorney. No signed decree was entered in said record. Judge Carter died in March 1941. In December 1941, appellee, believing himself divorced from appellant, married Fanny DeLong, with whom he has since lived in said county.

In June 1942, appellant filed in said cause her withdrawal from the 1940 stipulation and reinstatement of her answer. December 1, 1942, appellee filed therein application for a nunc pro tunc order for the entry of a formal decree of divorce as of February 27, 1940. Appellant resisted said application and asserted she was still the wife of appellee. The attorneys for

**1146**

both parties were different from those who represented them in 1940.

■ Upon trial before Judge Fuller, the court found a divorce from appellant had been granted appellee February 27, 1940, and adjudged and decreed that said divorce be established and entered as of said date.

I. Appellant assails the sufficiency of the evidence before Judge Carter to warrant a divorce. The evidence was undisputed. We deem it unnecessary to discuss it in detail. A careful consideration of the record satisfies us the evidence for appellee was somewhat stronger than that upon which a decree of divorce was affirmed in Littleton v. Littleton, 233 Iowa 1020, 10 N. W. 2d 57. We hold it was sufficient. In view of this holding we need not consider appellee's contention that appellant, having accepted and retained the benefits of the property settlement and divorce, may not appeal from the judgment or decree and assail the sufficiency of the evidence upon which the same was based.

■ II. Appellant contends the statements and acts of Judge Carter and the entry in the district court record book were insufficient to warrant the nunc pro tunc entry. The prayer of the petition was for a divorce. At the conclusion of the trial before Judge Carter, he announced, in open court, "I grant him a divorce and will sign the decree." Appellee's attorney then handed the judge a paper. The judge wrote the calendar entry heretofore noted and said entry was then spread upon the district court record book. No "decree signed" was filed or spread upon the record book.

We conclude the proofs amply warranted the nunc pro tunc entry of Judge Fuller. Whether or not the entry made in 1940 in the district court record book was in itself sufficient to constitute a judgment or decree of divorce need not be determined. See Hess v. Hess, 184 Iowa 796, 169 N. W. 111; Lotz v. United Food Markets, 225 Iowa 1397, 283 N. W. 99; Street v. Stewart, 226 Iowa 960, 285 N. W. 204; Kuhlman v. Weiben, 129 Iowa 188, 105 N. W. 445, 2 L. R. A., N. S., 666.

However, it is clear Judge Carter actually performed the judicial act of granting appellee a divorce. Mahaska County v. Bennett, 150 Iowa 216, 129 N. W. 838; Brooks v. Owen, 200

Iowa 1151, 202 N. W. 505, 206 N. W. 149; Redhead, Norton, Lathrop & Co. v. Baker, 86 Iowa 251, 53 N. W. 114; Locher v. Livingston, 168 Iowa 457, 150 N. W. 614. The nunc pro tunc entry merely made the record show this in such form that it could not be questioned. Said entry did not change, modify, or correct a judgment. It was merely an exercise of the inherent power of the court to make its records speak the truth by recording the judicial action previously and actually taken. The propriety of such entries is generally recognized. Snyder v. Fahey, 183 Iowa 1118, 168 N. W. 117; Murnan v. Schuldt, 221 Iowa 242, 265 N. W. 369; Yost v. Gadd, 227 Iowa 621, 288 N. W. 667; Chariton & Lucas County Nat. Bk. v. Taylor, 213 Iowa 1206, 240 N. W. 740.

III. Appellee first learned his divorce was questioned in 1942, when appellant instituted a new and separate divorce action against him. Thereupon he promptly made application for the nunc pro tunc entry. Appellant complains of the delay and contends that upon the termination of the term at which Judge Carter made the calendar entry the court lost jurisdiction to make the nunc pro tunc entry.

The decisions uniformly hold that courts have inherent power to make orders nunc pro tunc to make their records "speak the truth," and that lapse of time and statutory limitations are no obstacles to the exercise of such power. Hofacre v. City of Monticello, 128 Iowa 239, 103 N. W. 488; Snyder v. Fahey, supra; Murnan v. Schuldt, supra; Yost v. Gadd, supra; 13 Iowa L. Rev., 241 et seq., and 426 et seq.; Hobson v. Dempsey Constr. Co., 232 Iowa 1226, 7 N. W. 2d 896.

The contention that appellee's failure to supervise the officers of the court in the performance of their statutory duties estopped him from securing the nunc pro tunc entry is not well founded. Nor did appellee's failure to learn sooner that no formal signed decree was shown of record bar his right thereto.—Affirmed.

All JUSTICES concur.