Argued September 9, affirmed November 1, 1977

BREWER, *Appellant,*

*v.*

BEERS, *Respondent.*

(No. A 7702-02462, SC 25207)

570 P2d 650

Michael H. Marcus, Portland, argued the cause for appellant. With him on the briefs were Gary Roberts and Legal Aid Service Portland.

Warde H. Erwin of Erwin, Lamb & Erwin, Portland, argued the cause and filed the brief for respondent.

HOLMAN, J.

## HOLMAN, J.

This is an appeal from an order of the circuit court dismissing an alternative writ of mandamus directed to a district judge, the application for which arose out of the manner in which the district judge was claimed to have handled an action for forcible entry and detainer (FED).

The forerunner of this litigation was started in district court as a simple FED action by the landlord of premises let by a month-by-month tenancy. The complaint was based upon a 30-day notice of termination. As the tenant and defendant in the FED action, petitioner answered by alleging defenses that (1) there were defects in the notice, (2) the notice was rescinded, and (3) a new agreement for rental was made subsequently to the notice of termination. In addition, she asserted several other affirmative defenses which were based upon the theory that the landlord's action for possession was in retaliation for certain legal conduct of petitioner. At least some of the defenses in the latter group, if proved, come within defenses to an action for possession provided by ORS 91.865.[1]

A hearing was held before the district judge pursuant to a motion by the landlord to segregate the

[1] "91.865. Retaliatory conduct by landlord prohibited; tenant remedies and defenses; landlord entitled to action for possession in certain cases. (1) Except as provided in this section, *a landlord may not retaliate* by increasing rent or decreasing services or *by bringing* or threatening to bring *an action for possession after:*

"(a) The tenant has complained to a governmental agency charged with responsibility for enforcement of a building or housing code of a violation applicable to the premises materially affecting health and safety;

"(b) The tenant has complained to the landlord of a violation under ORS 91.770; or

"(c) The tenant has organized or become a member of a tenants' union or similar organization.

"(2) *If the landlord acts in violation of subsection (1) of this section the tenant* is entitled to the remedies provided in ORS 91.815 and *has a defense in any retaliatory action against him for possession.* * * *.

"* * * * * *"

[ 253 ]

issue of possession for a separate trial. At the conclusion of the hearing, the district judge expressed himself from the bench to the effect that it was his intention to try the issue of possession separately, independent of any issue of whether the action by the landlord was brought in retaliation and exclusive of any evidence concerning the subject. He also indicated that his decision was to be subsequently memorialized in a written pretrial order. No such order was entered.[2] On the basis of the purported ruling from the bench, petitioner filed this proceeding in mandamus in circuit court to force defendant district judge to retract his order.

Petitioner's position is that an appeal from a district judge's ruling depriving her of statutory defenses to possession would not afford her an adequate remedy because the issue of possession, for practical purposes, would be mooted before she could have the impropriety of the order tested on appeal.

Assuming, but not deciding, that the petition otherwise states grounds for relief by way of mandamus, it is our conclusion that the circuit judge was correct in dismissing the petition because it was the district judge's intention to incorporate his ruling in a written pretrial order and such an order had not yet been made at the time the petition for the writ of mandamus was filed in the circuit court. Many times a judge will change his mind between the time it appears he is orally ruling from the bench and the time he enters the formal order. Had the district judge said he intended to make what would be a final order subject to appeal, most certainly no appeal could have been taken until the final written order was entered. There is no reason why the use of mandamus to review an interlocutory ruling should not be similarly limited,

---

[2] There was a pretrial order subsequently entered by the district judge which, in effect, denied defendant the right to litigate her defenses to possession based upon retaliation. However, that order was not entered until after the circuit judge entered the order dismissing the writ of mandamus, from which order the present appeal is taken.

for it may be that the intended order will be entered but it may be that it will not.

■ Petitioner contends that both the landlord and the district judge in other proceedings in this court have alleged that the order of the district judge was effective even though given orally. No admission by the parties, to say nothing of those who are not parties to this proceeding, can by such admission create a written order or dispense with a requirement of the court for the orderly and efficient disposition of judicial business. The actual entry of a written order is essential, at least in situations in which the trial judge intends to enter one.

While the defenses concerning notice and a new rental agreement, which the district judge intended to segregate to try possession, were relevant to that issue, so, obviously, were at least some of petitioner's several other defenses concerning retaliation. It would be inconceivable, until such an order was actually entered, that the district judge actually intended to grant possession until petitioner had an opportunity to litigate her pleaded defenses to the landlord's possession, which the statute provides. Therefore, the circuit judge was justified in dismissing the petition in the absence of the entry of the contemplated formal order.[3]

The judgment of the trial court is affirmed.

---

[3] Petitioner does not contend that the district judge refused to enter a formal order. She does contend that the formal order which was subsequently entered did not disclose the full import of the district judge's ruling. The entered order, together with the pleadings, does show the import of his ruling, but this order was filed subsequently to the dismissal from which this appeal is taken.