Gary LUTZ, Appellant,

v.

IOWA SWINE EXPORTS CORPORATION, C. W. Randell, Inc., and C. W. Randell, Appellees.

No. 64126.

Supreme Court of Iowa.

Jan. 14, 1981.

Rehearing Denied Feb. 17, 1981.

The problem of jurisdiction is raised by defendants' motion to dismiss this appeal. Defendants assert this court lacks jurisdiction because the appeal notice was not timely. As will be discussed subsequently, the appeal time is affected by the success or failure of plaintiff's earlier application to extend the time to file a motion to enlarge or amend findings and conclusions and for a new trial, hereinafter referred to as a posttrial motion. If defendants' theory of improper extension of time is correct, we shall find that it created a chain reaction of untimeliness in filing.

■ Appeals to the supreme court must be taken within thirty days from the entry of final judgment unless a posttrial motion is filed, in which event the appeal must be taken within thirty days from the filing of the posttrial ruling. Iowa R.App.P. 5. Posttrial motions must be filed within ten days after a decision is filed, "unless the court for good cause shown and not ex parte, grants an additional time not to exceed thirty days." Iowa R.Civ.P. 247.

■ A timely appeal is jurisdictional, and the time limit for appeal can not be extended by filing an improper posttrial motion. *Union Trust & Savings Bank v. Stanwood Feed and Grain, Inc.*, 158 N.W.2d 1, 3 (Iowa 1968). An untimely posttrial motion is defective and does not toll the running of the thirty-day period within which an appeal must be taken. *Qualley v. Chrysler Credit Corp.*, 261 N.W.2d 466, 471 (Iowa 1978).

The trial court entered final judgment on May 31, 1979. On June 8th plaintiff's counsel contacted one of defendants' counsel and secured an agreement that defendant would not object to a ten-day extension of time within which to file a posttrial motion. Plaintiff's counsel then contacted the trial judge, who told plaintiff's counsel to prepare an appropriate motion and forward it to him in Waterloo, Iowa, for an appropriate order on the following Monday. The deadline for filing a posttrial motion under rule 247 fell on June 10th, a Sunday, thus

Brent B. Green and William W. Graham of Gamble, Riepe, Burt, Webster & Davis, Des Moines, for appellant.

Larry J. Cohrt of Swisher & Cohrt, Waterloo, and R. L. Donohue of Donohue Law Office, P. C., West Union, for appellees.

Considered by REYNOLDSON, C. J., and LeGRAND, HARRIS, LARSON, and SCHULTZ, JJ.

SCHULTZ, Justice.

This action originates from business dealings of the parties in a swine export business. Plaintiff contends the trial court erred in overruling his motions for a jury trial. Because we find plaintiff's appeal to be untimely, we are without jurisdiction and dismiss the appeal.

extending the period one day. § 4.1(22), The Code 1979. The motion for an extension of time was prepared and served by mail pursuant to Iowa R.Civ.P. 82(c), and it was mailed to the Black Hawk County Clerk of Court at Waterloo, Iowa. The clerk received the motion on June 11th but did not bring it to the attention of the trial court. An extension order was never signed or filed. On June 20, 1979, within the time period requested by the motion for extension of time, the posttrial motion was served and mailed for filing with the clerk.

Defendants' counsel filed a special appearance on July 6th, attacking the court's jurisdiction to rule on the posttrial motion. Defendants challenged any oral extension, as rule 247 requires the order to be entered only on a showing of good cause. The trial court sustained the special appearance on other grounds but then withdrew its ruling. It finally overruled the motion on its merits without a ruling on the special appearance. In the vacated ruling the court found that it advised plaintiff's counsel that he would be gone on June 13th and thereafter for some period of time. In commenting on the extension the court stated: "Because of the absence of the court as aforesaid, the court finds that the application filed on June 11, 1979, was orally granted with the consent of counsel for the defendant." Relying on this statement, plaintiff claims there was a valid extension of time by oral order.

■ The court ruled on the posttrial motion on its merits, and we will treat the special appearance as being overruled. The failure to object to the lack of a ruling on the special appearance did not constitute waiver; subject.matter jurisdiction may be raised at any time. *Stuart v. State ex rel. Jannings*, 253 N.W.2d 910, 914 (Iowa 1977).

■ Where jurisdiction is challenged, it is the obligation of the plaintiff to establish it. *McArtor v. Pete's Cafe*, 175 N.W.2d 369, 373 (Iowa 1970). The parties did not provide us affidavits under the provisions of Iowa R.Civ.P. 80(b) and 116. Thus, we must determine if plaintiff met his burden to establish jurisdiction based upon the sparse record presented to us. Plaintiff's proof of jurisdiction depends on the effectivity of the oral order.

We need not consider plaintiff's additional claim that defendants waived their right to dispute good cause for the claimed extension of time. Good cause would be required to justify an extension. Since an extension was not granted, the issue of good cause is moot.

I. *Oral Order.* Initially, we recognize there are many valid oral rulings and orders made during trial. These arise from objections to evidence and oral motions. Generally, these rulings need not be reduced to writing as an accurate and available record is preserved by the court reporter. § 624.9, The Code 1979.

We have recognized the validity of certain oral rulings and calendar sheet notations that subsequently have been recorded properly by the clerk of court. In *Street v. Stewart*, 226 Iowa 960, 963–67, 285 N.W. 204, 205–07 (1939), we held that a timely calendar sheet entry, granting an extension of time to file posttrial motions, was effective, even though its recording by the clerk was untimely. In *Freshour v. Freshour*, 233 Iowa 1144, 11 N.W.2d 375 (1943), the judge orally granted a divorce and noted this fact on a calendar sheet, which was recorded on the court record book by the clerk. Before a written decree was entered, however, the judge died. We allowed the request for the entry of a *nunc pro tunc* decree of divorce. *Id.* at 1147, 11 N.W.2d at 376.

■ However, we have held that unrecorded orders are invalid. An unrecorded ruling on a motion need not be considered in the absence of a record made at the time or later entered *nunc pro tunc. Redhead v. Iowa National Bank*, 123 Iowa 336, 340, 98 N.W. 806, 807 (1904). An unfiled decree is not conclusive and is subject to the control of the court until it is entered on the proper record. *Smith v. Willcockson*, 143 Iowa 449, 451, 121 N.W. 1054, 1054 (1909). The reason for requiring orders to be made in writing and recorded is that the court might change its ruling before the order is signed

and entered. *Willson v. District Court*, 166 Iowa 352, 358–60, 147 N.W. 766, 768–69 (1914).

Written and recorded orders are required by the rules of civil procedure. Iowa R.Civ.P. 119 provides: "Every direction of the court, made in writing and not included in the judgment or decree, is an order." An order is effective when filed with the clerk. Iowa R.Civ.P. 120. Provision for entry of an order is provided in Iowa R.Civ.P. 227: "All judgments and orders must be entered on the record of the court and clearly specify the relief granted or the order made."

We believe there are valid reasons for the requirement of a writing. A court speaks through its orders and rulings. The public is entitled to know what the court has proclaimed, and the parties and appellate court are entitled to an accurate record. These policy considerations dictate that the rules requiring orders to be written and recorded be enforced.

In *Moreno v. Vietor*, 261 Iowa 806, 810, 156 N.W.2d 305, 307 (1968), we stated: "[A] judgment is rendered when it is announced, or when the judge writes in his calendar a statement of his decision, or a jury returns a verdict but ... there is no competent evidence of such rendition until the entry is made on the court record." We believe these principles are equally applicable with respect to orders. *See* 60 C.J.S. *Motions and Orders*, § 59(1) (1969); 56 Am. Jur.2d *Motions, Rules, and Orders*, § 38 (1971); *cf. Cuoio v. Koseris*, 68 Idaho 483, 485, 200 P.2d 359, 360 (1948) (oral conversations over telephone or on street between court and counsel are not orders); *Brewer v. Beers*, 280 Or. 251, 254–55, 570 P.2d 650, 651 (1977) (oral ruling on motion held invalid because judge might change his mind from time of oral ruling until he entered his formal order). Accordingly, we conclude that an oral order may be probative evidence as to the effective time of an order, but until it is in some manner reduced to writing and filed there is no competent evidence of the rendition of such order.

II. *Holding.* Plaintiff has failed to establish that he obtained an extension of time to file a posttrial motion. Thus, the posttrial motion was untimely and deprived the trial court of jurisdiction. As a result, the thirty-day appeal time commenced with the filing of the judgment, and plaintiff's appeal was untimely. We are therefore without jurisdiction to entertain the appeal, and defendants' motion to dismiss must be sustained.

APPEAL DISMISSED.