**FEDERAL AMERICAN INTERNATIONAL, INC., Appellee,**

v.

**OM NAMAH SHIVA, INC., Appellant,**

and

**National Bank of Monmouth; Midwest Bank of Western Illinois; Central State Bank; Iowa Business Growth Company; Small Business Administration, An Agency of the United States; Roger's Backhoe Service, Inc.; L & M Waste Systems, Inc.; Gypsum Supply Company; and Hahn Ready-Mix, Defendants.**

No. 01–1771.

Supreme Court of Iowa.

Feb. 26, 2003.

Mark McCormick and Margaret C. Callahan of Belin Lamson McCormick Zumbach Flynn, P.C., Des Moines, and Paul J. Bieber of Gomez, May, Cartee & Schutte, Davenport, for appellant.

William R. Jahn, Jr. of Aspelmeier, Fisch, Power, Engberg & Helling, P.L.C., Burlington, for appellee.

STREIT, Justice.

This appeal comes to us from a contract dispute between Federal American International, Inc. and Om Namah Shiva, Inc. concerning the construction of a Comfort Inn. Shiva contends the district court erred in foreclosing Federal American's mechanic's lien because Federal American failed to prove substantial performance of the contract. Federal American seeks dismissal contending we lack jurisdiction to hear an untimely appeal. We sustain Federal American's motion to dismiss the appeal.

## I. Background and Facts

Om Namah Shiva, Inc. hired Federal American International, Inc. to design and construct a Comfort Inn motel. Federal American did not complete the project, complaining it was not paid for increased costs reflected on change orders, and filed a petition to foreclose a mechanic's lien against Shiva in the amount of $336,645. Shiva filed a counterclaim against Federal American arguing Federal American was not entitled to the mechanic's lien because it did not substantially perform under the contract. In the alternative, Shiva asserted if the court should foreclose the mechanic's lien, it should be in the amount of $191,249. The district court foreclosed the mechanic's lien in the amount of $288,175 plus interest, attorney fees, and costs. The court awarded Shiva no relief on its counterclaim against Federal American for breach of contract.

On September 19, 2001, nine days after the court filed its final decree, Shiva requested an extension of time to file a motion to enlarge the district court's findings pursuant to Iowa Rule of Civil Procedure 1.904(2). On October 9, 2001, the district court denied the extension. Shiva filed its notice of appeal twenty-two days later on October 31, 2001. Federal American filed a motion to dismiss the appeal in this court arguing the notice of appeal was untimely and as such the court lacks jurisdiction to hear this case. We ordered the matter to be submitted with this appeal. Because we find the issue of jurisdiction dispositive, we do not address the merits of the appeal.

## II. Timeliness of Appeal

■ The only question on appeal is whether the time for filing the notice of appeal was tolled when Shiva filed an application for extension of time to file a posttrial motion. The district court entered a final decree on September 10, 2001, with respect to the litigation over Federal American's petition to foreclose the mechanic's lien. Nine days later on September 19, 2001, Shiva requested an extension of time until December 1, 2001 (an eighty-three day extension), to file its

1.904(2) motion to enlarge findings.[1] The court denied the request for an extension on October 9. It was not until fifty-one days after the court's September 10, 2001, final decree that Shiva filed its notice of appeal. Shiva argues this appeal is timely because it filed the notice of appeal within thirty days of the court's denial of Shiva's petition for an extension of time. Federal American contends the appeal must be dismissed because the time for filing a notice of appeal was not tolled when Shiva filed a motion for extension of time.

Although the facts are not identical, we considered a very similar issue in *Lutz v. Iowa Swine Exports Corp.*, 300 N.W.2d 109 (Iowa 1981). In *Lutz,* the plaintiff and defendant agreed on a ten-day extension within which to file a posttrial motion. The trial court gave an oral approval of the extension of time but also required the plaintiff to file a written motion confirming the oral order. The written motion was timely filed, but the court never entered a written order extending the deadline. On appeal, we considered whether the filing of an improper posttrial motion extends the time for filing an appeal. We stated that an untimely posttrial motion is defective and does not toll the running of the thirty-day period within which to file an appeal. *Id.* at 110 (citing *Qualley v. Chrysler Credit Corp.*, 261 N.W.2d 466, 471 (Iowa 1978)). Because the trial court in *Lutz* did not make a written order to extend the time for filing the posttrial motion, the notice of appeal should have been filed within thirty days of the final judgment. In *Lutz,* the notice of appeal was not filed within thirty days of the final judgment; therefore we lacked jurisdiction to hear the merits of the appeal.

Both *Lutz* and the case before us deal with applications for extension of time to file a posttrial motion. In *Lutz* we stated that without a written order by the district court extending the time for filing the motion, the time for appeal is not tolled. The same result is compelled in the present case.

Iowa Rule of Appellate Procedure 6.5 answers the question of whether an application for extension of time to file a posttrial motion tolls the time for appeal. Though the general rule for filing a notice of appeal is thirty days after a final judgment, order, or decree, there are certain enumerated exceptions. Rule 6.5 articulates the only types of posttrial motions which are deemed to extend the time for filing a notice of appeal: motion for a new trial, motion for judgment notwithstanding the verdict, and motion to enlarge the district court's findings of fact and conclusions of law pursuant to Iowa Rule of Civil Procedure 1.904(2). We have before described the conditions under which we will consider a motion a 1.904(2) motion as tolling the time for filing a notice of appeal.

> Except as may be provided by separate rule, a rule [1.904(2)] motion lies only when addressed to a ruling made upon trial of an issue of fact without a jury. This is because rule [1.904(2)] ordinarily applies only when rule [1.904(1)] applies, and rule [1.904(1)] dictates procedures to be followed by a court in finding facts and stating legal conclusions when "trying an issue of fact without a jury...."

*Kunau v. Miller*, 328 N.W.2d 529, 530 (Iowa 1983). The issue then is whether Shiva filed one of the three types of motions that toll the time for appeal.

*State ex rel. Miller v. Santa Rosa Sales & Mktg., Inc.*, 475 N.W.2d 210, 213 (Iowa 1991).

---

1. Ordinarily, a party must file a 1.904(2) motion within ten days after a final judgment, order, or decree. *See* Iowa R. Civ. P. 1.904;

When Shiva filed its motion to extend the time it had to file the 1.904(2) motion, it did not in fact file a motion to enlarge the legal and/or factual bases upon which the district court granted Federal American's petition to foreclose the mechanic's lien. The only motion Shiva filed asked the court to allow extra time to file its substantive 1.904(2) motion. Shiva's motion was not titled a 1.904(2) motion; it did not address the merits of the final decree. *See Kunau*, 328 N.W.2d at 530 (1.904(2) motion "lies only when addressed to a ruling made upon trial of an issue of fact without a jury"). The motion was merely a request to give Shiva extra time to gather the transcripts it wanted to include in the ultimate 1.904(2) motion.

Shiva put all of its eggs in one basket relying upon the district court's grant of an extension of time. Shiva had no reason to believe such a grant would be forthcoming. In the absence of a written order filed with the clerk, nothing is certain. *See* Iowa R. Civ. P. 1.453 ("A judge may enter judgments, orders or decrees ... effective when filed with the clerk, or as provided by rule 1.442(5)."). Our rules of civil and appellate procedure require a party to operate under an assumption that the court will deny the extension. In any case, a party must comply with the thirty-day period of time within which to appeal from the final decree. Nothing prevented Shiva from filing its notice of appeal within thirty days of the final decree to ensure its ability to pursue this case.

 As a final matter, Shiva asserts Federal American has waived its jurisdictional argument because it did not "raise the issue at any stage of the process in district court." This contention is unavailing. Federal American argues it did not waive jurisdiction because a challenge to subject matter jurisdiction may be raised at any time. *See Smith v. Smith*, 646 N.W.2d 412, 414 (Iowa 2002) (citing *Iowa Coal Min. Co. v. Monroe County*, 555 N.W.2d 418, 428 (Iowa 1996)). However, the issue before us deals not with subject matter jurisdiction but with the court's authority to " 'entertain a particular case.' " *See Schooler v. Iowa Dep't of Transp.*, 576 N.W.2d 604, 607 (Iowa 1998) (quoting *Christie v. Rolscreen Co.*, 448 N.W.2d 447, 450 (Iowa 1989)). " 'Subject matter jurisdiction refers to the authority of a court to hear and determine cases of the general class to which the proceedings in question belong, not merely the particular case then occupying the court's attention.' " *Id.* (quoting *Christie*, 448 N.W.2d at 450). The question of a court's authority to hear a particular case arises only after the court already has subject matter jurisdiction.

In the matter before us, although this is not the type of jurisdiction issue that can be raised at any time, Federal American did not waive this argument. Shiva appears to argue that because the district court never had an opportunity to rule on the jurisdictional challenge, the argument has been waived. Specifically, Shiva asserted, "the district court in denying the motion to enlarge time relied only on the ground of predicted lack of merit."[2] At the time the court made this ruling, it could not have addressed jurisdiction because no appeal had yet been filed. After

---

**2.** When the district court denied Shiva's motion to extend time, it did not address the merits of the case other than to say,

> The defendant essentially concedes ... it does not know at this point and without the benefit of the transcript of the proceedings

on what basis or bases it would seek a different conclusion from the trial court's in a 179(b) proceeding. The Court assumes the defendant's case based on the trial transcript would be more appropriately addressed by an appellate court.

Shiva filed its notice of appeal, Federal American filed a motion to dismiss in this court where it argued the appeal was untimely. This was the earliest stage in the litigation process that Federal American could have challenged jurisdiction. Because Federal American challenged the court's jurisdiction in its motion to dismiss, it did not waive this argument.

## III. Conclusion

In sum, Shiva did not file a motion for new trial, motion for judgment notwithstanding the verdict, or a motion to enlarge the court's findings of facts and conclusions of law under Iowa Rule of Civil Procedure 1.904(2). Shiva filed a motion to extend the time to file a 1.904(2) motion—a posttrial motion that does not toll the time for appeal. *See* Iowa R.App. P. 6.5. The thirty-day period to appeal began with the district court's final decree on September 10, 2001. To comply with the thirty-day requirement of Iowa Rule of Appellate Procedure 6.5, Shiva needed to file its notice of appeal within thirty days of the court's September 10, 2001 decree, i.e., Shiva needed to file its notice of appeal no later than October 9, 2001. Because Shiva did not file its notice until fifty-one days after the final decree on October 31, 2001, this appeal is untimely. We are without jurisdiction; therefore, Federal American's motion to dismiss the appeal is sustained.

**APPEAL DISMISSED.**